**Nell HARRINGTON, Plaintiff,**

v.

**HUDSON SHERATON CORP., Sheraton New York Hotel and Towers, and ITT Sheraton Corporation, Defendants.**

**No. 97 Civ. 2594(SAS).**

United States District Court,
S.D. New York.

April 14, 1998.

**476**

David S. Halsband, The Law Firm of Louis Ginsberg, P.C., New York City, for Plaintiff.

Peter A. Cross, Catherine A. McCann, Jacob, Medinger & Finnegan, LLP, New York City, for Defendants.

## OPINION AND ORDER

SCHEINDLIN, District Judge.

On April 10, 1997, Nell Harrington filed this action pursuant to 42 U.S.C. § 2000e, alleging a sexually hostile working environment and *quid pro quo* sexual harassment. Plaintiff also claims that defendants retaliated against her for complaining of the alleged harassment. Defendant ITT Sheraton Corporation ("ITT") now moves to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1), based on plaintiff's failure to properly name ITT in her claim filed with the Equal Employment Opportunity Commission ("EEOC"). ITT also moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), or alternatively, to strike paragraphs 7 and 14 of the

amended complaint. For the reasons set forth below, defendant's Rule 12(b)(1) motion is granted. Accordingly, ITT's alternative arguments need not be considered.

## I.  Legal Standard for Motion to Dismiss

In deciding a motion to dismiss, a district court must limit itself to the "facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 661 (2d Cir.1996)(internal quotations omitted). A court deciding such a motion must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the nonmovant's favor. *See Kaluczky v. City of White Plains*, 57 F.3d 202, 206 (2d Cir.1995). Such a motion cannot be granted simply because recovery appears remote or unlikely on the face of a complaint, as "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir.1996)(quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995)(quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)))(internal quotations omitted). Rather, dismissal can only be granted "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bernheim*, 79 F.3d at 321 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

## II.  Factual Background

For purposes of this motion, the following facts are assumed to be true. On or about October 1, 1996, plaintiff began her employment with Hudson Sheraton Corporation, Sheraton New York Hotel and Towers ("Hudson") in the pastry department as a pastry cook. Plaintiff's Amended Complaint ("Am.Compl.") at ¶ 3. Defendant ITT, along with Hudson, jointly employed plaintiff. *Id.* at ¶ 4. During the course of her employment, plaintiff was subjected to unwelcome sexual advances, physical touching and grabbing, verbal abuse, and threats by other em-

ployees in the pastry department. *Id.* at ¶ 6. Plaintiff claims that she was subjected to both *quid pro quo* sexual harassment and hostile environment sexual harassment. *Id.* at ¶ 7. She claims that despite such conduct, however, she was able to perform her job competently. *Id.*

Specifically, Joseph Ponce, a co-worker in the pastry department, repeatedly asked plaintiff to engage in a social relationship with him and to accompany him to his apartment. *Id.* at ¶ 7. In addition to making such requests, Mr. Ponce and other males in the pastry department often made sexual remarks to plaintiff. *Id.* at ¶ 11. On one occasion, Mr. Ponce told plaintiff that he and the other men were "cows," that she was "fresh grass," and that they "like[d] to eat fresh grass." *Id.* at ¶ 9. Moreover, the assistant chef of the department told plaintiff that Mr. Ponce "had a crush on her," and asked her why she was not "giv[ing] him some love and tenderness." *Id.* at ¶ 11.

Plaintiff told the men in the pastry department that these sexually derogatory comments, as well as certain touching and grabbing, were both "unwelcome" and "offensive." *Id.* at ¶ 13. Plaintiff also asserts that, on several occasions, she reported this behavior to both of her supervisors, the Executive Chef, Ronald Roccasecca ("Roccasecca"), and the Pastry Chef, Sai–Hai Hon ("Hon"). *Id.* at ¶ 14. She claims that each of these supervisors ignored her discomfort resulting from the "constant sexual harassment," and that they did nothing to remedy the situation. *Id.* Similarly, plaintiff's supervisors denied her request to have her shift changed. *Id.*

Plaintiff claims that when she resisted the sexual advances, the men in the pastry department threatened her. *Id.* at ¶ 15. For example, she was informed by a man in the Pastry Department that when "other women had resisted [his sexual advances], the men put them in a freezer" and physically attacked them. *Id.* Plaintiff claims that he also stated that he was able to "get away with sexual harassment because he knows the executives" of ITT/Hudson. *Id.*

On or about November 20, 1996, plaintiff was fired by Roccasecca. *Id.* at ¶ 17. She asserts that upon being terminated, Rocca-

secca stated that although her work was "good," that "[his] guys were not happy." *Id.* Plaintiff claims that she was subjected to sexual harassment, and that defendants, by firing her, retaliated against her for opposing the unlawful harassment. *Id.* at ¶ 18. As a result, she claims the she was subjected to severe humiliation, embarrassment, and mental anguish. *Id.* at ¶ 19.

On February 4, 1997, plaintiff filed an EEOC charge, alleging *quid pro quo* sexual harassment, hostile environment sexual harassment and retaliation. *See* Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss ("Pl.Brf.") at 11. In the charge, she named Hudson as defendant, but failed to include ITT. *Id.* She alleges that she omitted ITT because she was uncertain as to whether ITT was her employer, in addition to Hudson. *Id.* Plaintiff received a Right to Sue Letter dated March 11, 1997. *Id.*

### III. Discussion

The filing with the EEOC or authorized state agency of a complaint naming the defendant is a prerequisite to commencing a Title VII action. *Johnson v. Palma,* 931 F.2d 203, 209 (2d Cir.1991)(citing 42 U.S.C. § 2000e–5(e)). Generally, a district court lacks subject matter jurisdiction over those individuals not named in an EEOC charge. *Bridges v. Eastman Kodak Co.,* 822 F.Supp. 1020, 1023 (S.D.N.Y.1993). Because these charges may be filed by parties who are not "versed in the vagaries of Title VII and its jurisdictional and pleading requirements," *Palma,* 931 F.2d at 209, a "flexible stance" in interpreting Title VII's procedural requirements may be permitted. *Egelston v. State Univ. College at Geneseo,* 535 F.2d 752, 754–55 (2d Cir.1976). Accordingly, some courts have recognized an exception to the general rule that a defendant must be named in the EEOC complaint. *Palma,* 931 F.2d at 209 (citing *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130,* 657 F.2d 890, 905–06 (7th Cir.1981), *cert. denied,* 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982)). This exception, termed the "identity of interest" exception, permits a Title VII action to proceed against an unnamed party where there is a clear identity of interest

between the unnamed defendant and the party named in the administrative charge. *Id.* (citations omitted). To determine whether there is an identity of interest between the named and unnamed party, the court must consider the following four factors: 1) whether the role of the unnamed party was known to plaintiff at the time of filing the EEOC charge; 2) whether the interests of the named party are so similar to the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether the unnamed party's absence from the EEOC proceedings resulted in actual prejudice to it; and 4) whether the unnamed party has in some way represented to the plaintiff that its relationship is to be through the named party. *Kudatzky v. Galbreath Co.*, No. 96 Civ. 2693, 1997 WL 598586, at *2 (S.D.N.Y. Sept.23, 1997)(citing *Tarr v. Credit Suisse Asset Management*, 958 F.Supp. 785, 794 (E.D.N.Y.1997)(internal quotations omitted)). This exception, however, applies only where a plaintiff was not represented by counsel when she filed her EEOC charge. *Id.; Tarr*, 958 F.Supp. at 794; *see also, Sharkey v. Lasmo*, 906 F.Supp. 949, 955 (S.D.N.Y.1995)(applying the identity of interest exemption where a plaintiff, unrepresented by counsel, fit "the classic definition of a party not versed in the vagaries of Title VII") (citations and internal quotations omitted).

Plaintiff argues that *Palma* supports the proposition that a plaintiff wishing to invoke the identity of interest exception need not be *pro se.* I disagree. The *Palma* court premised its analysis on the fact that unrepresented plaintiffs are often unfamiliar with the particulars of Title VII, and accordingly, should be afforded greater latitude with respect to administrative pleadings than those who have retained counsel. *See Palma*, 931 F.2d at 209. It follows, then, that the identity of interest exception should be offered only to plaintiffs who are not "versed in the vagaries of Title VII." *See id.* To hold otherwise would be to undermine the well-settled principle that a party must be named in an administrative charge in order for a court to have jurisdiction over the claim at issue.

Plaintiff relies on two cases that she claims apply the identity of interest exception without regard to the *pro se* requirement. *See Minetos v. City Univ. of New York*, 875 F.Supp. 1046 (S.D.N.Y.1995); *Tout v. Erie Community College*, 923 F.Supp. 13 (S.D.N.Y.1995). Both of those cases, however, are inapposite. The plaintiff in *Tout* was in fact *pro se,* and therefore it was unnecessary for the court to consider whether or not a plaintiff represented by counsel would be entitled to invoke the exception. Similarly, although it appears in *Minetos* that the plaintiff was represented by counsel during the proceedings, the discussion there does not reveal whether plaintiff had retained counsel prior to filing an EEOC charge. *See Minetos*, 875 F.Supp. at 1050. Moreover, the *Minetos* court uses the same analysis as in *Palma*, suggesting that persons who are unfamiliar with the procedural requirements of Title VII should not be held to rigid standards which might preclude them from asserting their rights under the statute. *Id.* at 1051.

█ Plaintiff, here, was in fact represented by counsel at the time she filed her EEOC charge. As a result, the identity of interest exception is not available to her. This is particularly true because she has retained counsel whose practice is limited to labor and employment law. Accordingly, plaintiff cannot be considered one who is not "versed in the vagaries of Title VII," and is therefore not excused for failing to name defendant ITT in her EEOC charge.

## IV. Conclusion

For the foregoing reasons, ITT's motion is granted. Plaintiff's complaint against ITT is dismissed with prejudice.

SO ORDERED.