**Jacqueline McBRIDE,[1] Plaintiff,**

**v.**

**Andrea ROUTH, in her official capacity as an employee of the State of Connecticut Department of Children and Families, Defendant.**

No. 3:97CV1939 (GLG).

United States District Court,
D. Connecticut.

May 12, 1999.

---

Rebecca L. Johnson, Bridgeport, CT, for Plaintiff.

Patricia E. Naktenis, Attorney's General's Office, Child Protection, Hartford, CT, for Defendant.

## MEMORANDUM DECISION

GOETTEL, District Judge.

Defendant Andrea Routh, who has been sued in her Official Capacity as an Employee of the State of Connecticut Department of Children and Families, has moved to dismiss plaintiff's complaint on two grounds.[2] First, she argues that this Court lacks jurisdiction over plaintiff's Title VII claims against her because she was not named in the discrimination charges filed with the Connecticut Commission on Human Rights and Opportunities ("CCHRO") and the Equal Employment Opportunity Commission ("EEOC"). Second, defendant Routh asks us to dismiss plaintiff's section 1981 claims against her in her official capacity for failure to state a

---

1. We are unsure of the correct spelling of plaintiff's last name. In the original complaint, it is spelled "McBridge," but "McBride" on the Civil Cover Sheet, and thereafter it is consistently spelled "McBride." We also note that the administrative complaints use the spelling "McBride."

2. Plaintiff originally named the State of Connecticut Department of Children and Family Services ("DCF") as a defendant as well as Andrea Routh in her individual and official capacities. Plaintiff's claims against the DCF and against Routh in her individual capacity were dismissed by this Court on April 28, 1998. The DCF had moved to have the claims against it dismissed due to plaintiff's failure to serve the Commissioner of DCF within the required 120 days. *See* Rules 4(j)(2) and 4(m), Fed.R.Civ.P. This motion was not opposed and, thus, was granted absent objection. The dismissal of DCF was without prejudice.

claim upon which relief may be granted. For the reasons set forth below, defendant's motion to dismiss [**Doc. # 11**] is granted without prejudice to plaintiff's filing an amended complaint in conformity with this opinion.

### Discussion

This is an employment discrimination case in which plaintiff, a social worker with the Bridgeport Regional Office of the State Department of Children and Families ("DCF"), alleges that she was not promoted because of her race, African American. After filing a complaint of discrimination with the CCHRO and the EEOC, plaintiff alleges that she was passed over for a second promotion in retaliation for filing this discrimination complaint. After receiving a right-to-sue letter, plaintiff filed the instant complaint in which she alleges in a single count that defendants' actions violated both Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981.

### 1. Plaintiff's Title VII Claims

Defendant Routh argues that plaintiff's Title VII claim should be dismissed because she was never named as a respondent in plaintiff's administrative charge of discrimination. This assertion is incorrect. As plaintiff points out in her response to the motion to dismiss, plaintiff's charge, Case No. 9420596, dated June 8, 1994, filed with the CCHRO and the EEOC, specifically named as respondents both the State Department of Children and Families and its agent Andrea Routh. It alleged discrimination under both Title VII and Conn. Gen.Stat. § 46a–60(a)(1). Moreover, the CCHRO's "Finding of Reasonable Cause and Summary" treated Routh as a respondent and discussed Routh throughout the report.

Defendant's responds that we should not consider the charge because it is not contained within the four corners of plaintiff's complaint, and plaintiff did not specifically state in the complaint that she had named defendant Routh in the charge. Although consideration of a Rule 12(b)(6) motion to dismiss is generally limited to the facts stated on the face of the complaint, a court may also consider documents appended to the complaint, documents incorporated by reference, and matters of which judicial notice may be taken. *Allen v. WestPoint–Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir. 1991); James W. Moore, 2 *Moore's Federal Practice* § 12.34[2] (3d ed.1998). Plaintiff's EEOC and CCHRO charges may be considered either as matters referenced in the complaint or as public records subject to judicial notice. *See Mack v. South Bay Beer Distributors, Inc.,* 798 F.2d 1279, 1282 (9th Cir.1986) (holding that court may take judicial notice of records and reports of administrative bodies without converting a motion to dismiss into one for summary judgment), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991); *Nickens v. New York State Dept. of Correctional Servs.,* No. 94 CV 5425(FB), 1996 WL 148479, \*1 (E.D.N.Y.1996) (holding that a court may take judicial notice of EEOC filings); *Gallo v. Board of Regents of Univ. of Cal.,* 916 F.Supp. 1005, 1007 (S.D.Cal.1995) (holding that a court may consider EEOC charge and right-to-sue letter in deciding a motion to dismiss either as a matter attached to the complaint or as records subject to judicial notice).

Moreover, although plaintiff's complaint is anything but a model of clarity, plaintiff repeatedly states that she filed a charge of discrimination with the CCHRO and EEOC and that a right-to-sue notice was issued. The undisputed facts show that defendant Routh was named as a respondent in the administrative charge. We hold that plaintiff has sufficiently alleged an exhaustion of administrative remedies as to defendant Routh to survive a motion to dismiss on this basis.

The Court, however, is more concerned with an issue that was not addressed by the parties, that being whether plaintiff

can bring a Title VII claim against an individual defendant in her official capacity. In *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir.1995), the Second Circuit held that "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII." The Court noted that Title VII specifically limited liability to employer-entities with 15 or more employees. *Id.* at 1314 (citing 42 U.S.C. § 2000e(b)). In light of Congress' concern for subjecting small employers to the burdens of Title VII, the Court reasoned that it was inconceivable that Congress would simultaneously allow civil liability to run against individual employees. *Id.; see also Northup v. Connecticut Commission on Human Rights & Opportunities*, No. 3:97CV211(DJS), 1998 WL 118145, *3 (D.Conn. Feb.2, 1998); *Friel v. St. Francis Hospital*, No. 3:97CV803(DJS), 1997 WL 694729, *3 (D.Conn. Oct.31, 1997); *Schaffer v. Ames Department Stores, Inc.*, 889 F.Supp. 41, 44 (D.Conn.1995). The *Tomka* Court dismissed the plaintiff's Title VII claims against her three supervisors, whom she had sued in their corporate as well as their individual capacities. *Cf. Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1241 n. 2 (2d Cir.1995) (declining to address the issue of whether an individual may be made a party defendant in a Title VII action solely in a corporate capacity as an agent of the employer, an issue which the Court stated was neither argued nor addressed by the *Tomka* Court).

In this case, plaintiff's claims against defendant Routh in her individual capacity have already been dismissed. The only remaining Title VII claims are against Routh in her official capacity, who is identified as the "Regional Administrator" employed by the Southwest Region I of DCF. (Pl.'s Compl. ¶ 6). We do not know whether she was plaintiff's immediate supervisor, or whether she had promotional authority, but clearly she was not plaintiff's employer. The only allegations as to defendant Routh are in paragraph 21 of the complaint, in which plaintiff states:

> The reasons proffered by defendant, Routh and/or others at her direction to Plaintiff as explanation for not being promoted are pretextual and in fact, Plaintiff was not promoted on the basis of her race and color in retaliation for filing a second complaint with the State of Connecticut Commission on Human Rights and Opportunities and the Equal Employment Opportunity Commission.

The Second Circuit has not addressed the specific issue of whether a plaintiff may assert a Title VII claim against an individual supervisor in his or her official capacity. In *Schaffer v. Ames Department Stores, supra*, a case pre-dating *Tomka*, Judge Squatrito of this Court held that Title VII did not provide for individual liability and, in dicta, rejected the reasoning of some courts which had drawn a distinction between "personal" capacity and "official" capacity liability. 889 F.Supp. at 46, n. 10. He stated, "This court does not join in the questionable utilization of the official/individual capacity analysis," *id.* (citing *Torres v. Intercontinental Trading, Ltd.*, No. Civ. 94–1057(HL), 1994 WL 752591 at *6 (D.P.R. Dec.22, 1994) (official/individual capacity framework is inappropriate outside of suits involving Eleventh Amendment, qualified immunity, or government liability for acts of government agents); and *Wilson v. Wayne County*, 856 F.Supp. 1254, 1263–64 (M.D.Tenn.1994) (same)). Other district courts within this Circuit have reached conflicting results, although the recent trend in Title VII cases has been to disallow official capacity claims against non-employer individuals. *Compare Meckenberg v. New York City Off–Track Betting*, 42 F.Supp.2d 359 (S.D.N.Y.1999) (dismissing both individual capacity and official capacity claims against individual defendants under Title VII); *Coddington v. Adelphi University*, 45 F.Supp.2d 211, 217–18 (E.D.N.Y.1999) (refusing to allow ADA and Rehabilitation Act claims against

individual defendants in their official capacities where there was a private entity that could be named); *Tramble v. Columbia University,* No. 97 Civ. 1271 RWS, 1999 WL 61826 (S.D.N.Y. Feb.10, 1999) (dismissing Title VII claims against individual defendant sued in her individual and official capacities); *Seres v. Liberty Chevrolet, Inc.,* No. 98 CIV 5999(RPP), 1999 WL 11779, *1 (S.D.N.Y. Jan.12, 1999) (dismissing Title VII, ADA, and ADEA official capacity claims and noting that there is nothing to show that Congress intended to permit suits against individuals in the official capacity); *Ngwu v. Salvation Army,* No. 96 CIV 0058(DAB), 1999 WL 2873 (S.D.N.Y. Jan.4, 1999) (dismissing Title VII official capacity and individual claims against the individual director and supervisor); *Girolamo v. Teamsters Local 72,* No. 97 CIV. 9412, 1998 WL 889039, *8 (S.D.N.Y. Dec.21, 1998) (dismissing Title VII claims against union officers sued in their official capacities); *Crockett v. Pataki,* No. 97 Civ. 3539(LAP), 1998 WL 614134 (S.D.N.Y. Sept.14, 1998) (dismissing Title VII official capacity claims); *Harrison v. Banque Indosuez,* 6 F.Supp.2d 224, 229 (S.D.N.Y.1998) (dismissing the official capacity Title VII claims against a senior bank officer and supervisor); *Simpson v. Vacco,* No. 96 CIV. 3916(JFK), 1998 WL 118155 (S.D.N.Y. Mar.17, 1998) (dismissing official capacity claims under Title VII); *Warheit v. De Graff Memorial Hospital,* No. 97–CV–0037E(SC),1998 WL 89346 (W.D.N.Y. Feb.24, 1998) (disallowing official capacity claims against individual defendants under federal anti-discrimination statutes); *Brooks v. Hevesi,* No. 95 Civ. 3209(JSM), 1998 WL 32712, *1 (S.D.N.Y. Jan.29, 1998) (holding that official capacity claim against city comptroller was improper because the city employer was subject to suit under Title VII); *Gray v. Shearson Lehman Bros., Inc.,* 947 F.Supp. 132, 135–36 (S.D.N.Y.1996) (holding that Congress did not to permit Title VII suits against individuals in their official capacities); *Bonner v. Guccione,* 916 F.Supp. 271, 279 (S.D.N.Y.1996) (same); *Bakal v. Ambassador Constr.,* No. 94 CIV 584(JSM), 1995 WL 447784 (S.D.N.Y. July 28, 1995) (reasoning that because employers are subject to suit under Title VII, there was no need for official capacity litigation, which had traditionally been permitted to avoid Eleventh Amendment and sovereign immunity problems that might arise if the government were sued directly); *with Geiger v. E.I. DuPont Nemours & Co.,* No. 96 CIV 2757(LAP), 1997 WL 83291 (S.D.N.Y. Feb.27, 1997) (allowing official capacity Title VII claims against individual defendants); *Abdullajeva v. Club Quarters, Inc.,* No. 96 Civ. 0383, 1996 WL 497029, at *1 (S.D.N.Y. Sept.3, 1996) (same); *Kounitz v. Slaatten,* 901 F.Supp. 650, 656 (S.D.N.Y. 1995) (same); *Coraggio v. Time Inc. Magazine Co.,* No. 94 Civ. 5429, 1995 WL 242047, *8 (S.D.N.Y. Apr.26, 1995) (holding that individuals could be sued in their official capacity under Title VII), *abrogated by Gray, supra; Leykis v. NYP Holdings, Inc.,* 899 F.Supp. 986, 991 (E.D.N.Y.1995) (same in ADEA context).

■ After careful analysis, we find persuasive the reasoning of Judge Squatrito and the courts disallowing such official capacity claims. *Tomka* and the language of Title VII compel a holding that only employer-entities have liability under Title VII. Thus, we hold that plaintiff may not assert a Title VII claim against defendant Routh in her individual or official capacity. Plaintiff's claim for Title VII discrimination was against her employer, not against an individual supervisor. Accordingly, we dismiss plaintiff's Title VII claim against defendant Routh.

### 2. Plaintiff's Section 1981 Claim

■ Plaintiff alleges that she was not promoted on the basis of her race and in retaliation for her filing a charge of discrimination against the Department in violation of 42 U.S.C. § 1981. Section 1981 prohibits racial discrimination in the making and enforcing of contracts. The Eleventh Amendment to the United States

**158**

Constitution bars a suit in federal court against a state or one of its agencies absent the state's explicit consent to suit or Congress' explicit abrogation of state immunity. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 99–100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). The Eleventh Amendment immunity that protects a state from suits for monetary relief also protects state officials sued for damages in their official capacity. *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). A suit against an individual defendant in his or her official capacity is ultimately a suit against the state if any recovery would come from the public treasury and, thus, these claims are also barred by the Eleventh Amendment. *Pennhurst,* 465 U.S. at 101, n. 11, 104 S.Ct. 900. However, the Eleventh Amendment does not bar prospective relief against individuals acting in their official capacities.

■ In this case plaintiff seeks "the following forms of relief: 1. Declaratory and injunctive; 2. An award for damages, attorneys fees and costs; 3. Any other such relief the Court deems just and equitable." Plaintiff's claims for damages under section 1981 are dismissed on immunity grounds. Plaintiff's claims for prospective relief, if any, including attorney's fees, would not be barred by Eleventh Amendment immunity. *See DeLoreto v. Ment,* 944 F.Supp. 1023, 1031 (D.Conn.1996). It is unclear from the complaint what prospective relief, if any, plaintiff is seeking. Therefore, we grant defendant's motion to dismiss plaintiff's section 1981 claim but grant plaintiff leave to file an amended complaint.

*Conclusion*

Accordingly, defendant's motion to dismiss [**Doc. # 11**] is GRANTED. Plaintiff is granted leave to file an amended complaint consistent with this Decision. If plaintiff has not filed an amended complaint within thirty (30) days of the date of this decision, the Clerk is directed to close the case.

SO ORDERED.