Charles **PETERSON**, et al., **Plaintiffs,**

v.

**CITY OF HARTFORD,**
**et al., Defendants.**

**No. 3:99CV00818 GLG.**

United States District Court,
D. Connecticut.

Dec. 22, 1999.

Norman A. Pattis, William & Pattis, New Haven, CT, for Plaintiffs.

Charles L. Howard, Joseph W. McQuade, Shipman & Goodwin, Hartford, CT, for Defendants.

## MEMORANDUM DECISION

GOETTEL, District Judge.

Plaintiffs' one-count complaint challenges the promotional policies of the City of Hartford's Fire Department as racially discriminatory in violation of Title VII of the Civil Rights Act of 1964, as amended, and Connecticut's Fair Employment Practices Act, Conn.Gen.Stat. §§ 46a–58(a) and 46a–60(a)(1) ("CFEPA"). Plaintiffs also allege violation of their constitutional rights under the First and Fourteenth Amendments.

The ten plaintiffs, who are white, are firefighters or employees of the Hartford Fire Department. They have sued the City of Hartford and five individual defendants: Patricia C. Washington, the City Director of Personnel; Robert Dobson, the Chief of the Fire Department; Saundra Borges, the City Manager; Francisco DeJesus, a member of the City of Hartford Personnel Board; and Annika Warren, a former member of the Personnel Board. The individual defendants have been sued in their individual capacities, as well as other official capacities. Defendants have filed a motion to dismiss [**Doc. # 20**] certain aspects of plaintiffs' complaint on the grounds that:

A. Plaintiff's Title VII claims against the individual defendants should be dismissed because Title VII does not provide for individual liability;

B. Plaintiffs have failed to properly allege a freedom of speech claim;

C. Defendants Borges, Washington, DeJesus and Warren are not alleged to have any personal involvement in the alleged deprivations of plaintiffs' rights and are not alleged to have caused plaintiff's alleged injuries, and, therefore cannot be liable under 42 U.S.C. §§ 1981 or 1983;

D. These same defendants are entitled to qualified immunity at this stage of the proceedings; and

E. This Court lacks subject matter jurisdiction over plaintiffs' CFEPA claims against the individual defendants.

### Discussion

A. *Plaintiffs' Title VII Claims Against the Individual Defendants*

 Plaintiffs have not opposed defendants' motion to dismiss the Title VII claims against the individual defendants other than Fire Chief Dobson. The Second Circuit has held that there is no individual liability under Title VII. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1314–17 (2d Cir.1995); *see also McBride v. Routh*, 51 F.Supp.2d 153, 156–57 (D.Conn.1999)

(holding that official capacity claims against individual defendants are also barred under Title VII). Accordingly, plaintiffs' Title VII claims against all of the individual defendants are dismissed.

### B. Plaintiffs' First Amendment Claims

Defendants next assert that plaintiffs have failed to properly state a claim for violation of their First Amendment rights to freedom of speech. The complaint alleges that plaintiffs Dubel and Peterson, who had been instrumental in focusing attention on the alleged unlawful practices of the defendants, were each retaliated against by Fire Chief Dobson for expressing disapproval of his unlawful discriminatory policies and for filing human rights complaints against him. Plaintiffs allege that Dobson sought to silence their criticism of him by transferring them to less desirable positions in the Fire Department, and that Dobson expressed hostility to white firefighters.

Defendants state that their motion is not addressed to any claim that defendant Dobson retaliated against plaintiffs for filing a civil rights complaint. (Defs.' Mem. at 7, n. 4). They contend, however, that plaintiffs have failed to state a free speech claim under section 1983 because they have failed to allege the particular statements at issue, that the statements were matters of public concern, that the City's interest in maintaining efficient public service outweighed plaintiffs' interests in commenting on alleged matters of public concern and that the constitutionally protected speech was a substantial or motivating factor in the adverse employment actions.

■ This Court has previously discussed the required elements of a section 1983 free speech claim in *DeLoreto v. Ment,* 944 F.Supp. 1023, 1035 (D.Conn. 1996). In the instant case, plaintiffs' allegations are sufficient to survive a motion to dismiss. Reading the complaint in the light most favorable to plaintiffs, plaintiffs have alleged that defendant Dobson, as the Fire Chief, transferred them to less desirable positions in the department to punish them for expressing disapproval of his unlawful discriminatory promotion policies and for focusing attention on the unlawful discriminatory practices of the department and that he did so to silence their criticism of him and to chill their exercise of their First Amendment rights. These allegations provide defendants with adequate notice of plaintiffs' claim.

Accordingly, defendants' motion to dismiss plaintiffs' First Amendment claim is denied without prejudice to the filing of a motion for summary judgment after discovery.

### C. Plaintiffs' Section 1983 Claims against Washington, Borges, DeJesus, and Warren

Defendants next assert that, because plaintiffs have failed to allege any causal connection between the actions of the individual defendants Washington, DeJesus, Borges, and Warren, and plaintiffs' injuries, plaintiffs section 1983 claims against these defendants must be dismissed. They further assert that these individual defendants are entitled to qualified immunity. "Plaintiffs do not object to granting defendants' motion with respect to all defendants [but][1] Dobson and the City of Hartford." Therefore, the Court grants defendants' motion to dismiss plaintiffs' section 1983 claim against all defendants except Dobson and the City of Hartford.

### D. Jurisdiction over Plaintiffs' CFEPA Claims Against the Individual Defendants

■ Last, defendants argue that this Court lacks jurisdiction over plaintiffs' CFEPA claims against the individual de-

---

1. Plaintiffs' opposition papers state "by" instead of "but." However, reading plaintiffs' memorandum in its entirety, it is clear to the Court that they intended to use the word "but." Indeed, no other opposition has been filed on this particular issue.

fendants because they were not named in the discrimination complaint filed with the Connecticut Commission on Human Rights and Opportunities ("CCHRO"). Defendants have attached copies of the CCHRO complaints to their motion. Each plaintiff alleges:

> 2. The respondent is the City of Hartford, namely Fire Chief Robert Dobson, Personnel Director Patricia Washington, City Manager Saundra Borges, Personnel Board Vice–Chairman Mr. Francisco DeJesus and former personnel Board member Ms. Annika Warren.

Throughout the administrative complaints, each plaintiff describes the alleged unlawful actions of the individual defendants, which actions violate Conn.Gen.Stat. § 46a–60.

Plaintiffs respond that under the "identity of interest" exception to the exhaustion requirement, see *Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir.1991), plaintiffs may maintain this action against these defendants even if they were not specifically named as respondents in the charge. Anticipating this argument, defendants state that this exception does not apply because plaintiffs were represented by counsel when they filed their CCHRO complaints. Plaintiffs deny that they had counsel at the time the complaints were filed. The "identity of interests" exception has been held to apply only when plaintiffs were not represented by counsel at the time they filed their administrative discrimination charges. See *Harrington v. Hudson Sheraton Corp.*, 2 F.Supp.2d 475, 478 (S.D.N.Y. 1998). There is nothing in the charges themselves indicating that plaintiffs had counsel at the time the charges were filed. In ruling on this motion to dismiss, we must assume that they were not represented.

In determining whether a plaintiff has exhausted administrative remedies under the CFEPA, Connecticut courts have relied upon the limited identity of interests exception adopted by the Second Circuit, to permit "an action against an unnamed respondent to an EEOC complaint if the underlying dual purposes of the exhaustion requirement are otherwise satisfied." *Malasky v. Metal Products Corp.*, 44 Conn.App. 446, 453, 689 A.2d 1145, *cert. denied*, 241 Conn. 906, 695 A.2d 539 (1997). The purposes of the exhaustion requirement are to provide notice to those alleged to have committed the violations and to provide an opportunity for the parties to voluntarily comply with the requirements of the statute. *Id.* In *Malasky*, the Connecticut Court of Appeals reversed the dismissal of a CFEPA complaint against an individual defendant, who was not a respondent in the CCHRO charge but who had been named and referred to within the body of the CCHRO complaint. *Id.* at 454, 689 A.2d 1145. The situation in this case is similar to *Malasky*. Plaintiffs specifically named the individual defendants in paragraph 2 of their administrative complaint (indeed, an argument could be made that they were named as respondents) and referred to them by name throughout the complaint. They were given ample notice of the claims against them. Therefore, the Court denies defendants' motion to dismiss the CFEPA claims against them for failure to exhaust administrative remedies, without prejudice to the filing of a motion for summary judgment after discovery.

### Conclusion

For the reasons set forth above, defendants' motion to dismiss [**Doc. # 20**] is GRANTED to the following extent:

1). Plaintiffs' Title VII claims against the individual defendants are dismissed.

2). Plaintiffs' claims under 42 U.S.C. § 1983 against defendants Borges, Washington, DeJesus, and Warren are dismissed. In all other respects, the motion to dismiss is DENIED.

SO ORDERED.