**Elizabeth A. KALIL, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Executive Office for Immigration Review, Office of the Chief Administrative Hearing Officer, Respondents,**

Utica City School District, Intervenor.

**Docket No. 04–0623.**

United States Court of Appeals,
Second Circuit.

Aug. 4, 2005.

Elizabeth A. Kalil, New Hartford, NY, pro se.

Miles G. Lawlor, Ferrara, Fiorenza, Larrison, Barrett & Reitz, P.C., Syracuse, NY, for Intervenor.

Present: WESLEY, HALL, Circuit Judges, and TRAGER,[1] District Judge.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the OCAHO be **AFFIRMED.**

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. After reviewing for abuse of discretion the OCA-HO order awarding attorney's fees as a sanction, we now affirm.

 Petitioner's petition for review was untimely as to the final order of dismissal on October 16, 2003 because the petition for review was not filed within sixty days thereof and the October order does not merge with the December sanctions order so as to make the October order appealable. As such, we only have jurisdiction to review the December 2003 order as to an

1. The Honorable David G. Trager, Judge of the United States District Court for the Eastern District of New York, sitting by designation.

award of sanctions in the form of attorney's fees.

 The ALJ in this case expressly declined to award attorney's fees on the basis of 8 U.S.C. § 1324b's provision for award of attorney's fees to a prevailing party. Instead, the ALJ awarded attorney's fees on the basis of 28 C.F.R. § 68.1's reference to the Federal Rules of Civil Procedure, justifying the award under Rule 37(b) as a sanction for failure to comply with discovery requests and orders. We review such orders for abuse of discretion. *See* 5 U.S.C. § 706(2); *Residential Funding Corp. v. Degeorge Fin. Corp.,* 306 F.3d 99, 106–07 (2d Cir.2002); *see also, Brink's Inc. v. Herman,* 148 F.3d 175, 178–79 (2d Cir.1998).

Where, as here, petitioner failed to comply with the ALJ's discovery orders and now provides only the vaguest of references to any attempted compliance, we do not find any abuse of the ALJ's considerable discretion over sanctions of this sort.

Accordingly, for the reasons set forth above, the judgment of the OCAHO is hereby affirmed.

We have also considered petitioner's Rule 60(b) motion and find it to be without merit and it is therefore denied. In addition, we have considered all other motions filed by petitioner and hereby deny them as moot.