Kelly v. Albarino

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2006

(Submitted: April 11, 2007                    Decided: May 3, 2007)

Docket No.  06-0580-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

PETER E. KELLY
        *Plaintiff-Appellant*,

        -v.-

ROBERT V. ALBARINO
        *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Before: WINTER, LEVAL, and CABRANES, *Circuit Judges*.

        Appeal by plaintiff from the dismissal by the United States District Court for the Southern District of New York (Brieant, *J.*) of suit for defamation on the ground that the allegedly defamatory matter was absolutely privileged because it was contained in pertinent documents served in a litigated proceeding.  Affirmed.

                                        Peter E. Kelly, *pro se*, Sanibel, FL, *Appellant*.

                                        Henry D. Becker, Law Offices of Henry D. Becker, Garnerville, NY, *for Appellee*.

PER CURIAM:

Plaintiff Peter E. Kelly appeals from the judgment of the United States District Court for the Southern District of New York (Hon. Charles L. Brieant) dismissing his complaint alleging libel.

Judge Brieant succinctly articulated the facts as follows:

> Plaintiff, Mr. Peter E. Kelly, is the husband of Roxanne Kelly, one of the parties in interest in the estate of her mother, Rose F. Albarino, deceased. Defendant [Robert V. Albarino] (Mrs. Kelly's brother) is the son of Rose Albarino and the Executor of her Last Will and Testament, duly admitted to Probate in the Surrogate's Court of Westchester County on May 10, 2002, following the filing of Objections to Probate by Mrs. Kelly . . . .
>
> The administration of the Albarino estate under the supervision of the Surrogate of Westchester County, New York has become the subject of considerable acrimony and litigation between the participants. This has resulted in a comparatively large number of contested motions and other proceedings in the Surrogate's Court . . . . Included in the litigation in the Albarino estate were applications to revoke the letters testamentary issued to Defendant, and to issue letters of administration c.t.a. to Roxanne Kelly . . . .
>
> The claim for defamation, governed by New York Law, is based upon a statement in an affidavit sworn to August 12, 2004 filed in the Westchester County Surrogate's Court by Mr. Albarino which, at paragraph 7, accuses "the Kelly's" of having "borrowed, took or stole hundreds of thousands of dollars in cash (including applicable interest), personal property and other valuables primarily from our parents [the Albarinos] but also from Peter Kelly's parents." The entire affidavit . . . was submitted in opposition to the Motion for a Protective Order.

Judge Brieant went on to dismiss Kelly's complaint as barred by the absolute privilege that applies to statements made by participants in judicial proceedings. He explained:

> Defendant is entitled to an absolute privilege with respect to the affidavit, based upon considerations of New York public policy intended to secure the unembarrassed and efficient administration of justice. *Hemmens v. Nelson*, 138 N.Y. 517, 523 (1893); *see also Clark v. McGee*, 49 NY 2d 613, 617 (1980). The absolute privilege applicable to the statements of participants in judicial proceedings is not lost by the presence of actual malice. *Sheridan v. Cris[]ona*, 14 NY 2d 108, 112 (1964).
>
> It is true that the defamatory statements to be privileged must be pertinent to the matter before the Court. However, this is the broadest of possible privileges and any matter which, by any possibility, under any circumstances, at any stage of the

2

proceeding, may be or may become material or pertinent is protected by an absolute privilege even though such matter may be ineffectual as a defense. *See* New York Jurisprudence 2d, Defamation and Privacy, § 143 *et seq.*, *Chapman v. Dick*, 197 A.D. 551, 559 (1921). *See also Rosenberg v. Hecht*, 118 NYS 2d 636, 638 (1952). This is so irrespective of the motive of the speaker or writer.

. . .

The charge of larceny was pertinent, within the scope of the case law pertaining to the absolute litigation privilege. To begin with, a thief has lessened credibility and both of the Kelly's were making factual representations[] to the Surrogate during the time period surrounding the filing of the affidavit, thereby placing their good faith and their credibility at issue. Furthermore, Mrs. Kelly had offered herself as an administratrix, asking for appointment by the Surrogate on July 21, 2004 and was likely to do so again. All doubt has to be resolved in favor of the privilege in order that the . . . right of access to the Courts should not suffer because of assertion of the less important but nonetheless significant right of a person to be free from character assassination.

Judge Brieant concluded that the allegedly defamatory statement was within the privilege and therefore not actionable. For the reasons he explained, we AFFIRM the dismissal of Kelly's suit.