**Elizabeth A. KALIL, Plaintiff–Appellant,**

v.

**UTICA CITY SCHOOL DISTRICT, Defendant–Appellee.**

Nos. 07–3490–bk (L), 07–3522–bk (Con).

United States Court of Appeals, Second Circuit.

Dec. 3, 2008.

Elizabeth A. Kalil, pro se, New Hartford, NY, for Plaintiff–Appellant.

Donald R. Gerace, Utica, NY, for Defendant–Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WALKER, and Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Elizabeth A. Kalil appeals from an order entered May 22, 2007 by the District Court for the Northern District of New York (Hurd, J.) affirming two orders entered by the Bankruptcy Court for the Northern District of New York (Littlefield, J.) denying Kalil's motions for reconsideration of the bankruptcy court's orders dismissing Utica City School District's ("District") adversary proceeding and Kalil's motion to seal the record. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"An appeal from a district court's review of a bankruptcy court ruling is subject to plenary review." In re Halstead Energy Corp., 367 F.3d 110, 113 (2d Cir.2004). Findings of fact are accepted unless clearly erroneous, but conclusions of law are reviewed de novo. Id. at 114.

The United States Department of Justice, Executive Office for Immigration Review, Office of the Chief Administrative Hearing Officer ("OCAHO") (Barton, A.L.J.) awarded $52,958.40 in attorney's fees to the Utica City School District. Kalil is not entitled to challenge that award now, because this Court has already affirmed the ALJ's award of attorney's fees. Kalil v. U.S. Dep't of Justice, 144 Fed.Appx. 158 (2d Cir.2005) (summary order), cert. denied, 549 U.S. 882, 127 S.Ct. 208, 166 L.Ed.2d 144 (2006).

Kalil also contends that the bankruptcy court erred in dismissing the adversary proceeding initiated by the District. The adversary proceeding was brought to prevent Kalil from discharging the fee award in Chapter 7 proceedings; the bankruptcy court dismissed the proceeding after dismissing Kalil's underlying Chapter 7 petition. The bankruptcy court concluded correctly that the adversary proceeding was rendered moot by dismissal of the underlying Chapter 7 petition.

Kalil's final argument is that the bankruptcy court erred in denying her request to seal the adversary proceeding records. Bankruptcy court filings are "public records ... open to examination" absent a need to protect trade secrets or propriety information or to "protect a person with respect to scandalous or defamatory matter." 11 U.S.C. § 107. The allegedly defamatory matter in this case consists of written orders by the ALJ in the OCAHO proceedings. Those orders are not defamatory because statements made in judicial proceedings are absolutely privileged under New York law. Kelly v. Albarino, 485 F.3d 664, 665–66 (2d Cir. 2007) (per curiam). Accordingly, the bankruptcy court did not err in denying Kalil's motion to seal the record.

We have considered Kalil's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AF-FIRMED.**