Jeffery BERNSTEIN, Plaintiff,

v.

May SEEMAN et al., Defendants.

No. 08 Civ. 5899.

United States District Court,
S.D. New York.

Jan. 9, 2009.

Jeffrey Isiah Bernstein, San Diego, CA, pro se.

Carol M. Goodman, Herrick, Feinstein LLP, New York, NY, Joyce M. Pratt, Robert Harris Bernstein, Thompson Coburn LLP, St. Louis, MO, for Defendants.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Pro se plaintiff Jeffery Bernstein ("Bernstein") brought this action against

defendants May Seeman ("Seeman"), MEAG NY Corporation ("MEAG NY"), Munich Reinsurance America, Inc. ("Munich Re"), and Munich Reinsurance Germany (collectively, "Defendants"), alleging that Defendants discriminated against him on the basis of his religion, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Bernstein also alleges that Defendants retaliated against him after he initially filed his discrimination claim, and that Defendants defamed him. Seeman and MEAG NY move to dismiss Bernstein's amended complaint (the "Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). In a letter to the Court dated October 31, 2008 (the "Munich Re Letter"), Munich Re requested permission to file a motion to dismiss pursuant to Rule 12(b)(6). The Court has deemed that letter to be a motion to dismiss the Amended Complaint.[1] For the reasons stated below, the motion by Seeman and MEAG NY is GRANTED, and the motion by Munich Re is GRANTED in part and DENIED in part.

## I. *BACKGROUND* [2]

Bernstein, who describes himself as Jewish, was employed by MEAG NY, an asset management company for Munich Re. Bernstein alleges that because of his religion, he was harassed, discriminated against, and paid less than other employees doing similar work. Specifically, Bernstein alleges that Seeman, CEO and Chairman of MEAG NY, demeaned and humiliated him in front of his co-workers and supervisor, and that Seeman made the determination to give Bernstein a bonus at the bottom end of the range of bonuses paid to other employees. Bernstein also alleges that Seeman systematically discriminated against employees of Jewish descent; the Amended Complaint recounts various incidents of alleged abuse or discrimination involving other Jewish employees, and conversations that Bernstein had with these employees.

With regard to Munich Re, Bernstein alleges that it was involved in the discrimination against him because employees of Munich Re, including a person named Wolfgang Engshuber ("Engshuber"), sat on the compensation committee that approved his bonuses.

■ Bernstein alleges that he was eventually forced to resign from MEAG NY, and on February 20, 2008, Bernstein filed a claim with the Equal Employment Opportunities Commission ("EEOC") against MEAG NY and an entity called "Munich Re Capital." (*See* Affidavit of Kerris Wigfall ("Wigfall Aff."), Ex. B, at 3.) MEAG NY reported to the EEOC that Bernstein had been granted seven weeks of leave, after which he refused to return to work. MEAG NY also reported that Bernstein sent various emails to MEAG NY personnel regarding his claims. Bernstein alleges that MEAG NY retaliated against him for filing the EEOC charge by characteriz-

---

1. Although Munich Re's letter requesting permission to file a motion to dismiss predates the Amended Complaint, the Court finds that there is no need for further briefing on Munich Re's arguments for dismissal, as explained more fully below.

2. The factual summary that follows derives primarily from the Amended Complaint, filed November 3, 2008. The Amended Complaint consists of the entire text of the initial complaint (the "Initial Complaint"), plus four new paragraphs under the heading "Statement of Claim," as well as a list of damages claimed under the heading "Relief." The Court will refer to the new paragraphs as consecutive to the paragraphs that were contained in the Initial Complaint, such that the new paragraphs begin with the paragraph number 19. Except where specifically quoted, no further reference to this document will be made.

ing these efforts as "extortion," and by accusing him of "illegal acts," such as emailing himself MEAG NY documents. (Amended Complaint ¶ 1.) Bernstein alleges that MEAG NY defamed him when it disseminated these accusations to MEAG NY board members, and that these accusations have impaired his ability to find a job in the financial sector.

The EEOC issued a Dismissal and Notice of Rights on March 31, 2008. Bernstein commenced this action on June 5, 2008. MEAG NY and Seeman filed a pre-answer motion to dismiss. Bernstein then filed the Amended Complaint, and Seeman and MEAG NY filed the pre-answer motion to dismiss the Amended Complaint under consideration here. Seeman and MEAG NY argue that the claims against Seeman fail because individual employees cannot be held liable under Title VII, and that absolute immunity attaches to the supposedly defamatory statements specified by Bernstein.

In support of its motion to dismiss, Munich Re argues that the Title VII claims against it must fail because Munich Re did not actually employ Bernstein, and because Bernstein did not name Munich Re in his complaint to the EEOC. Munich Re also argues that Bernstein failed to state a claim for defamation against it with the requisite particularity.

The Court will first address the motions as they pertain to the Title VII claims, and then as they pertain to the defamation claims.

## II. *DISCUSSION*

### A. *LEGAL STANDARD*

■ For the purposes of deciding a motion to dismiss, the Court accepts as true the factual allegations in the Amended Complaint, and draws all reasonable inferences in the plaintiff's favor. *See Desider-*io v. National Ass'n of Secs. Dealers, Inc., 191 F.3d 198, 202 (2d Cir.1999). In the case of a pro se litigant, the Court reads the pleadings leniently and construes them to raise "the strongest arguments that they suggest." *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (citation and internal quotation marks omitted). Dismissal of the complaint is appropriate if the plaintiff has failed to offer any factual allegations making his or her claim plausible. *See Iqbal v. Hasty,* 490 F.3d 143, 157–58 (2d Cir.2007). A court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

### B. *TITLE VII CLAIMS AGAINST SEEMAN*

■ Bernstein alleges that Seeman discriminated against him on the basis of his religion, in violation of Title VII. The Amended Complaint also alleges retaliation in violation of Title VII, but it does not specify which Defendants allegedly committed the retaliation. In any event, the case law in this jurisdiction is clear that there can be no individual liability under Title VII. *See Tomka v. Seiler Corp.,* 66 F.3d 1295, 1313–17 (2d Cir.1995) ("Congress never intended to hold agents individually liable for violations of [Title VII]"), *abrogated on other grounds by Burlington Indus. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998); *see also Schiano v. Quality Payroll Sys.,* 445 F.3d 597, 608 n. 8 (2d Cir.2006); *Meckenberg v. New York City Off–Track Betting,* 42 F.Supp.2d 359, 370 n. 2 (S.D.N.Y.1999). This rule applies to claims of retaliation as well. *See McKenzie v. Gibson,* No. 07 Civ. 6714, 2008 WL 3914837, at *2 (S.D.N.Y. Aug. 25, 2008) (dismissing Title VII dis-

crimination and retaliation claims against individual defendants). Seeman's motion to dismiss the Title VII claims against her is therefore granted.

### C. *TITLE VII CLAIMS AGAINST MUNICH RE*

Munich Re argues that it is a separate and distinct business entity from MEAG NY, and that it never employed Bernstein or had any "authority, control or input into MEAG NY's employment practices." (Munich Re Letter, at 3.) Munich Re also argues that because it was not named in Bernstein's EEOC charge, it cannot be a proper defendant to the Title VII claim.

■ The Amended Complaint alleges that Munich Re "had direct and numerous involvements related to the discrimination against" Bernstein, but it offers only one specific allegation of discrimination. (Amended Complaint ¶ 22.) The Amended Complaint alleges that members of Munich Re, including Engshuber, sat on the compensation committee that approved Bernstein's bonuses.

This allegation is enough to defeat Munich Re's motion to dismiss the Title VII claim against it. Bernstein has alleged that Munich Re had some kind of control or influence over his compensation. Based on this allegation, it is plausible that Munich Re could be considered an "employer" under the common law of agency used to interpret that term for the purposes of Title VII. *See Gulino v. New York State Educ. Dep't,* 460 F.3d 361, 371 (2d Cir. 2006). Given the allegation that Munich Re had some role in determining Bernstein's compensation, the exact relationship between MEAG NY and Munich Re is unclear, and it could be that Munich Re

would be liable under Title VII as a parent of MEAG NY. *See Cook v. Arrowsmith Shelburne, Inc.,* 69 F.3d 1235, 1240–41 (2d Cir.1995); *Velez v. Novartis Pharms. Corp.,* 244 F.R.D. 243, 250 (S.D.N.Y.2007) (*citing Cook* ). Munich Re might ultimately be able to demonstrate that it cannot be held liable as an employer under Title VII, but this issue requires the presentation of additional facts to the Court, and a motion to dismiss is not the appropriate stage at which to resolve such matters.[3]

■ Munich Re's argument that the Title VII claim fails because Bernstein did not name Munich Re in his charge to the EEOC is also unavailing. There is an "identity of interest" exception to the general rule that a plaintiff may bring Title VII claims only against parties originally named in an EEOC charge. *See Cook,* 69 F.3d at 1241. This exception is available only to litigants who, like Bernstein, were not represented by counsel before the EEOC, and it allows a Title VII action to proceed against a party that was not named before the EEOC "where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge." *Harrington v. Hudson Sheraton Corp.,* 2 F.Supp.2d 475, 477–78 (S.D.N.Y.1998).

■ In determining whether to apply the identity of interest exception, courts consider:

1) whether the role of the unnamed party was known to plaintiff at the time of filing the EEOC charge; 2) whether the interests of the named party are so similar to the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unneces-

---

**3.** Although the Munich Re Letter predates the Amended Complaint, in which Bernstein first articulated this specific allegation, the Court finds it appropriate to rule on Munich Re's

motion to dismiss without further briefing because Munich Re cannot successfully contest this factual allegation in a motion to dismiss.

sary to include the unnamed party in the EEOC proceedings; 3) whether the unnamed party's absence from the EEOC proceedings resulted in actual prejudice to it; and 4) whether the unnamed party has in some way represented to the plaintiff that its relationship is to be through the named party. *Id.* at 478 (citation omitted).

■ Here, the second and third factors weigh in favor of allowing the identity of interest exception to apply. The interests of MEAG NY and Munich Re for the purposes of "obtaining voluntary conciliation and compliance" are identical, *id.*, and Munich Re's absence from the EEOC proceedings did not prejudice it, as the EEOC determined that it could find no evidence of a violation. *See Cook*, 69 F.3d at 1242 (applying identity of interest exception when second and third factors were satisfied). Munich Re's motion to dismiss Bernstein's Title VII claim against it is therefore denied.

## D. *DEFAMATION CLAIMS*

■ To state a claim for defamation, a plaintiff must allege: (1) a false statement, (2) published without privilege or authorization to a third party, (3) constituting fault as judged by, at a minimum, a negligence standard, and (4) causing special harm or constituting defamation per se. *See Salvatore v. Kumar*, 45 A.D.3d 560, 845 N.Y.S.2d 384, 388 (2007). New York Civil Practice Law & Rules § 3016(a) requires that "the particular words complained of shall be set forth in the complaint, but their application to the plaintiff may be stated generally." However, to state a claim for defamation in federal court, a plaintiff need only comply with Federal Rule of Civil Procedure 8(a)(2) ("Rule 8"), which requires only "a short and plain statement of the claim showing that [the plaintiff] is entitled to relief."

*See Pasqualini v. MortgageIT Inc.*, 498 F.Supp.2d 659, 671–72 (S.D.N.Y.2007).

The Amended Complaint makes a number of general allegations of defamation. Bernstein alleges that MEAG NY "sent out emails all over the place accusing me of committing all sorts of illegal acts and compliance violations," and "spread word around the street that I was committing extortion ... [which] hurts my future earning and employment power in the industry." (Amended Complaint ¶ 1.) Bernstein contends, "I was accused of extortion, when I was only trying to come to a settlement." (*Id.*) The Amended Complaint also makes reference to MEAG NY's "spreading of accusations that I have committed the crime of extortion to various financial professionals." (*Id.* ¶ 19.)

■ These kinds of assertions may be sufficient to state a claim for defamation when applying Rule 8, but Bernstein's defamation claim against MEAG NY fails for a different reason. The Amended Complaint presents only two specific statements that are alleged to be defamatory. Bernstein contends that MEAG NY responded to the EEOC charge with an allegation that Bernstein "has been attempting to extort money from the Company," and that MEAG subsequently "forward[ed] these statements around to other members in the financial community." (*Id.* ¶ 19, *quoting* Wigfall Aff., Ex. C, at 3.) Bernstein also alleges that counsel for MEAG NY and Seeman wrote, in a letter to Bernstein dated May 18, 2007 regarding Bernstein's internal complaint against Seeman, "we have reason to believe that you sent Company proprietary and confidential information to yourself to assist in another (simultaneous and conflicting) business opportunity. Such conduct constitutes a breach of duty of loyalty and, if proven, is a clear violation of the law...." (*Id.* ¶ 20, *quoting* Wigfall Aff., Ex. E.) With respect

to Munich Re, Bernstein states in the Amended Complaint, "I also hold Munich of America responsible for defamation of character since they were advisors to MEAG NY with regards to the statements MEAG NY made against me ...." (*Id.* ¶ 22.)

 The two statements contained in MEAG NY's submission to the EEOC and in counsel's letter to Bernstein cannot form the basis of a defamation claim because both statements were made under the protection of absolute immunity. Both statements were made by participants in the course of litigation, and they were relevant to that litigation. As the court explained in *Weitz v. Wagner,*

> Statements uttered in the course of a judicial or quasi-judicial proceeding are absolutely privileged so long as they are material and pertinent to the questions involved notwithstanding the motive with which they are made. This absolute privilege attaches to every step of a judicial proceeding, not just the hearing and trial phase. Furthermore, the privilege attaches to witnesses as well as judges, parties, and attorneys.

No. CV–07–1106 (E.D.N.Y. Aug. 8, 2008) (internal citations and quotation marks omitted); *see also Long v. Marubeni Am. Corp.,* 406 F.Supp.2d 285, 293–95 (S.D.N.Y.2005) (discussing the absolute privilege that attaches to "defamatory statements made prior to, in the institution of, or during the course of, a proceeding" (*quoting* Sack on Defamation: Libel, Slander, and Related Problems, § 8.2.1.4 at 8–14 (2004))). This privilege applies to statements submitted to agencies such as the EEOC. *See Daniels v. Alvarado,* No. 03 CV 5832, 2004 WL 502561, at **7–8 (E.D.N.Y. Mar. 12, 2004) (dismissing defamation claim based on employer's submission to the New York State Division of Human Rights, which was protected by absolute privilege); *Allen v. St. Cabrini Nursing Home, Inc.,* No. 00 CIV 8558, 2001 WL 286788, at *6 (S.D.N.Y. Mar. 9, 2001) (dismissing defamation claim based on employer's submission to the EEOC); *Hinds v. Magna Fabrics, Inc.,* No. 96 Civ. 1383, 1997 WL 309378, at *5 (S.D.N.Y. June 9, 1997) ("It is well settled in New York ... that statements made in quasi-judicial proceedings, including proceedings by agencies such as the EEOC, are protected by an absolute privilege.").

Bernstein argues that Defendants can still be held liable for defamation based on these statements because the statements were circulated to persons who were not involved in the litigation, and the Amended Complaint alleges that this will be proven over the course of discovery. Even if these facts were proven, however, these statements would still be absolutely privileged. Statements made in the course of litigation often become part of the court record available to the public, but these statements remain absolutely privileged, for the purposes of defamation liability. *See, e.g., Kelly v. Albarino,* 485 F.3d 664, 665 (2d Cir.2007) (per curiam) (affirming dismissal of defamation claim based on statement made in affidavit filed in court, because of "the absolute privilege that applies to statements made by participants in judicial proceedings"). There does not appear to be any authority supporting Bernstein's argument. Bernstein's defamation claims, based as they are on absolutely privileged statements, must be dismissed as against Seeman, MEAG NY, and Munich Re.[4]

---

4. Once again, the Court finds it appropriate to rule on Munich Re's motion to dismiss without further briefing. With respect to Munich Re's argument that Bernstein failed to state a defamation claim against it, Bernstein articulated his theory of the defamation claim

Although leave to replead a complaint should normally be freely granted, Bernstein has already amended his original complaint in response to the deficiencies pointed out by Seeman and MEAG NY in their first pre-answer motion to dismiss. That motion argued that Seeman could not be subject to individual liability under Title VII, and that Bernstein had failed to state a prima facie claim for defamation. The Amended Complaint articulated more detailed allegations of defamation, arguing that the two statements discussed here were defamatory. A defamation claim based on absolutely privileged statements cannot succeed, and there is no question that an individual cannot be liable under Title VII. Because Bernstein would not be able to rescue these claims by repleading with greater specificity, and because Bernstein was already afforded an opportunity to cure the deficiencies of the original complaint, the Court will not now grant Bernstein leave to replead these claims. The Court may consider an application to amend the complaint at some point in the future upon a showing that such an amendment would not be futile.

### III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion (Docket No. 15) of defendants May Seeman and MEAG NY Corporation to dismiss in its entirety the amended complaint against May Seeman with prejudice, and to dismiss the amended complaint as against MEAG NY Corporation with prejudice with respect to the defamation claim, is GRANTED; and it is further

**ORDERED** that the motion (Docket No. 26) of defendant Munich Reinsurance

against Munich Re in the Amended Complaint, which was filed a few days after the

America, Inc. to dismiss the Amended Complaint is DENIED with respect to the Title VII claim, and GRANTED with respect to the defamation claim.

**SO ORDERED.**

Munich Re letter was sent to the Court and the parties.