ESTATE OF Jimmy Lee BRUCE,
Jr., Plaintiff,

v.

CITY OF MIDDLETOWN, the Middletown Police Department, and Police Officers Harold Simpson and Gregory Warycka, individually and in their official capacities as Police Officers of the City of Middletown, Defendants.

No. 88 Civ. 1846 (GLG).

United States District Court,
S.D. New York.

Jan. 8, 1992.

Joseph Maria, P.C. (Mark A. Lombardi, of counsel), White Plains, N.Y., for defendant and third-party plaintiff.

Molod & Berkowitz, P.C. (Robin L. Berlin, of counsel), New York City, for third-party defendant.

## OPINION

GOETTEL, District Judge.

The plaintiff, the Estate of Jimmy Lee Bruce, originally commenced this action against defendants The City of Middletown, the Middletown Police Department, and two of their police officers, Harold Simpson and Gregory Warycka, pursuant to 42 U.S.C. § 1983 and state tort claims for wrongful death and negligence for injuries that occurred during an incident at a local movie theatre. The City of Middletown filed a third-party complaint against Middletown Movie Center, Inc. ("Movie Center"), the owner of the theatre, for contribution. The City of Middletown presently seeks to amend its third-party complaint against Movie Center to include an additional claim for indemnification. Third-party defendant Movie Center moves to dismiss the third-party complaint in its entirety for lack of jurisdiction.

## I. FACTUAL BACKGROUND

The Administrators of the estate of Jimmy Lee Bruce originally commenced this action pursuant to 42 U.S.C. § 1983 against the City of Middletown ("Middletown"), the Middletown Police Department, and two of the Police Department's officers, Harold Simpson and Gregory Warycka, in both their individual and official capacities.

On December 13, 1986, the decedent Jimmy Lee Bruce, Jr. accompanied by several friends went to the movies at the Cinema 10 Movie Theatre, located in the town of Walkill. At some point during the presentation of the movie, a disturbance allegedly occurred in the theatre and the decedent and his friends were asked to leave. After leaving the theatre, an incident occurred between Mr. Bruce and two security guards employed by the theatre, defendants Harold Simpson and Gregory Warycka. During the incident, defendant Simpson placed Mr. Bruce in a choke hold and eventually put him into the back of a Town of Walkill police vehicle that had been summoned to the scene.

A few minutes later, a New York State Trooper arrived and, with the aid of a flashlight, determined that the decedent's pupils were fixed and dilated and failed to respond to light. Mr. Bruce was rushed to Morton Memorial Hospital. He was declared dead upon arrival. The doctors determined that the cause of death was asphyxia, or a disruption of the blood flow, due to a compression of the carotid arteries that resulted in a deprivation of oxygen to the brain. The doctor concluded that the compression was the result of the choke hold applied by defendant Simpson. A Medical Examiner concurred with these conclusions.

On March 17, 1987, plaintiffs commenced suit pursuant to 42 U.S.C. § 1983 claiming violations of plaintiff intestate's constitutional rights. Plaintiffs also invoked pendent jurisdiction to seek recovery for negligence and wrongful death under New York law. On June 5, 1991, defendant Middletown filed a third-party complaint for indemnification against Movie Center claiming that the third-party defendant was the actual employer of the police officers at the time of the incident. In the third-party complaint, defendants also sought contribution from the Town of Walkill.

There are two motions currently before the court. The third-party defendant Movie Center moves to dismiss the third-party complaint for failure to state a claim upon which relief can be granted. The City of Middletown moves to amend its third-party complaint to add, in addition to its existing indemnity claim, a claim for contribution against Movie Center relating solely to the pendent state claims for its alleged negligence in causing the wrongful death of Mr. Bruce.

Movie Center moves to dismiss Middletown's third-party complaint on two grounds. First, it argues that § 1983 liability may not stem from *respondeat superior*. Second, it argues that Middletown's complaint, to the extent it rests upon pendent jurisdiction over state indemnification claims, must be dismissed. Middletown concedes that *respondeat superior* cannot be the basis of § 1983 liability but opposes dismissal of its third-party complaint arguing that pendent party jurisdiction is permissible and properly exercised in this case. Instead, Middletown seeks to amend its third-party complaint to add an additional claim for indemnification against Movie Center based solely on its state tort claims for personal injuries and wrongful death.

Thus, both motions hinge on the issue of pendent party jurisdiction. If such jurisdiction is proper in this case, Movie Center's motion to dismiss must be denied and Middletown's motion to amend should be granted. For the reasons detailed below, the court finds that pendent jurisdiction exists in this case and its exercise is warranted.

## II. DISCUSSION

Prior to 1990, the availability of pendent party jurisdiction was seriously questioned except when a statute specifically permitted jurisdiction over other claims against additional parties. *See Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989); *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276

(1976); *Roco Carriers Ltd. v. M/V Nurnberg Exp.*, 899 F.2d 1292, 1295 (2nd Cir. 1990). As a result, some courts concluded that pendent party jurisdiction was no longer available. *See, e.g., Staffer v. Bouchard Transp. Co.*, 878 F.2d 638, 643 n. 5 (2nd Cir.1989).

If this line of cases, upon which Movie Center relies heavily, had remained unaltered, Movie Center's motion to dismiss would stand on firmer footing.[1] The law, however, changed with the passage of the Judicial Improvements Act of 1990. Pub.L. 101–650, § 310, 104 Stat. 5089, 5113–14 (1990) (codified at 28 U.S.C. § 1367). Congress explicitly rejected the Supreme Court's holding in *Finley* by codifying the concepts of ancillary and pendent jurisdiction, renaming them "supplemental jurisdiction." 28 U.S.C. § 1367 (West 1991). Section 1367, effective for actions commenced after December 1, 1990, states:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). In short, even where no independent basis for federal jurisdiction exists, a court may exercise subject-matter jurisdiction over state claims when those claims are part of the same case or controversy that includes a federal claim. In such situations, the last sentence of § 1367(a) specifically states that supplemental jurisdiction may include the exercise of pendent party jurisdiction. As other courts have noted, this language of "[t]he Judicial Improvement Act of 1990 ... provides the explicit authorization of pendent-party jurisdiction that in *Finley* the Supreme Court found to be absent." *Loeber v. Bay Tankers, Inc.*, 924 F.2d 1340, 1345 n. 3 (5th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 78, 116 L.Ed.2d 51 (1991) (citations omitted).

■ Before examining whether § 1367 permits jurisdiction over Middletown's third-party claims, the court must address a preliminary issue overlooked by both parties, namely whether the effective date of § 1367 bars application of its jurisdictional dictates. The supplemental jurisdiction codified by § 1367 applies "to civil actions commenced on or after the date the enactment of this Act [December 1, 1990]." Pub.L. 101–650 § 310(c). Plaintiff's original complaint was filed in March 1987, long before the effective date of § 1367. Defendant Middletown's third-party complaint against Movie Center, however, was filed in June 1991. The question is whether the third-party complaint constitutes an independent action for purposes of § 1367 thereby allowing the court to apply its provisions to this case. If so, § 1367 controls our jurisdictional assessment and the line of cases associated with *Finley* is inapplicable; if not, the pre-§ 1367 law concerning

---

1. Even were we to apply to this case the law on pendent party jurisdiction as it stood before the effective date of 28 U.S.C. § 1367, we would likely still find jurisdiction over Middletown's third-party claims. In *Finley,* the Court emphasized the fact that it was the plaintiff who sought to add claims against two new defendants whose only connection with the federal tort claims was that the state claims arose out of the same nucleus of facts. The *Finley* court refused to acknowledge pendent party jurisdiction under such tenuous circumstances. *Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989).

However, cases in which the *defendant* seeks to join additional parties generally arise in a different posture. Ancillary jurisdiction exists when a defendant seeking contribution in a federal suit impleads a third party. *In re Joint E. & So. Dist. Asbestos Litigation,* 769 F.Supp. 85, 86 (E. & S.D.N.Y.1991). As the Second Circuit noted after the *Finley* case was decided, ancillary jurisdiction is more readily available to parties haled into court against their will and where resolution of the third-party complaint is logically dependent upon the primary action. *See Associated Dry Goods v. Towers Financial Corp.,* 920 F.2d 1121, 1125–26 (2nd Cir.1990) (citing *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978)).

pendent party jurisdiction governs our analysis.

The court finds that Middletown's third-party complaint constitutes a separate action commenced after December 1, 1990 triggering the jurisdictional provisions of § 1367. Middletown's third-party complaint was filed in June 1991, well after the effective date of the statute. To avoid undue hardships to defendants, we will follow the guidance of other courts in this district and view such third-party claims as an independent "action" for purposes of § 1367's effective date. *See In re Joint E. & So. Dist. Asbestos Litigation*, 769 F.Supp. 85, 87 (E. & S.D.N.Y.1991). A contrary interpretation would handicap defendants who have been unwillingly brought into court with jurisdictional restrictions that unnecessarily hamper their ability to protect their interests and fully resolve their disputes in a single forum.

■ Since we find that § 1367 applies to Middletown's third-party complaint, we turn to the question of whether this court possesses jurisdiction over its claims against Movie Center. The limits of supplemental jurisdiction under § 1367 are the constitutional limits of subject-matter jurisdiction under Article III of the United States Constitution. The state claims must be "part of the case or controversy" under which the federal claim falls. State and federal claims form one case or controversy when they derive from a common nucleus of operative facts or when both claims would normally be expected to be tried in a single judicial proceeding. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). In these circumstances, the court's exercise of pendent jurisdiction, although not automatic, would be a favored and normal course of action. *Promisel v. First American Artificial Flowers*, 943 F.2d 251, 254 (2nd Cir. 1991). The federal claim involved in this case is a § 1983 claim relating to alleged violations of Mr. Bruce's constitutional rights to life and liberty stemming from the incident at Cinema 10 and his subsequent death.

Defendant Middletown, as an employer of the two police officers involved in Mr. Bruce's death, has been sued by plaintiff for negligent acts that purportedly caused the wrongful death of Mr. Bruce. Resolution of the plaintiff's claims depends in part upon such issues as what actions were taken by defendants Simpson and Warycka and whether they occurred in the course of their employment. If, at the time of the incident, the officers were acting in their capacity as private security guards at the Cinema 10 theatre, they might be found to have been actual employees of third-party defendant Movie Center. In that case, defendant Middletown could assert a claim for contribution or indemnification against Movie Center for its alleged negligence in providing improper security that caused or contributed to Mr. Bruce's death. Consequently, Middletown's claims against the Movie Center are inextricably bound up with the factual issues associated with Mr. Bruce's death underlying plaintiff's § 1983 claim.

As Movie Center correctly notes, the exercise of pendent jurisdiction by courts is purely a matter of discretion, informed by considerations of judicial economy, convenience, and fairness to litigants. *Gibbs*, 383 U.S., at 726, 86 S.Ct., at 1139; *Town of West Hartford v. Operation Rescue*, 915 F.2d 92, 104 (2nd Cir.1990) (quoting *Perez v. Ortiz*, 849 F.2d 793, 798 (2nd Cir.1988)). These considerations have been codified in § 1367(c) which states:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1) the claim raises a novel or complex issue of State law, .
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Here, the state law claims included in Middletown's third-party

complaint involve, if the motion to amend is granted, claims for indemnification and contribution stemming from Movie Center's alleged negligence in causing the death of Mr. Bruce. These claims for contribution and indemnification do not involve novel or overly complex issues of state law but rather common tort liability issues. Moreover, since both a § 1983 claim and state tort claims derive from the same purported injuries relating to Mr. Bruce's death, the court cannot say that the state claims will substantially predominate. Finally, the court has not dismissed the § 1983 claim that forms the basis of federal jurisdiction in this case and no exceptional circumstances exist compelling refusal to hear the state claims. Therefore, none of the exceptions included within § 1367(c) apply in this case meriting dismissal of Middletown's third-party claims.[2]

The third-party claims will likely turn on whether the defendant police officers were acting as employees of defendant Middletown or third-party defendant Movie Center. Tort indemnity, by definition, is necessarily contingent upon the outcome of the § 1983 claim and stems from the same alleged wrongs. Ultimately, any recovery for plaintiff will depend upon a resolution of both the § 1983 claim and Middletown's claims against the Movie Center. Thus, both judicial efficiency and practical necessity support the exercise of pendent jurisdiction over the third-party claims here. Other courts, facing state wrongful death and negligence claims associated with a § 1983 claim, have reached similar conclusions in exercising pendent jurisdiction. *See, e.g., Rosen v. Chang*, 758 F.Supp. 799 (D.R.I.1991).

### III. CONCLUSION

To conclude, the court holds that the jurisdictional provisions of § 1367 apply to Middletown's third-party action and permit the court to exercise pendent party jurisdiction over Middletown's claims against Movie Center for contribution and indemnification. The exercise of jurisdiction over these interdependent claims will enable the court to best reach a complete resolution of this case. Thus, the court denies Movie Center's motion to dismiss the third-party complaint. Further, the court grants Middletown's motion to amend its third-party complaint to add a claim for indemnification against Movie Center.

SO ORDERED.

---

2. Since federal jurisdiction in this case does not rest upon diversity but a federal claim under § 1983, the exceptions to supplemental jurisdiction incorporated within § 1367(b) do not apply.