**Anthony GAGLIARDI, Plaintiff,**

v.

**UNIVERSAL OUTDOOR HOLDINGS, INC., Universal Outdoor, Inc., Eller Media Company, Eller Media Corporation and Clear Channel Communications, Inc., Defendants.**

**No. 00 Civ. 6433(RLC).**

United States District Court, S.D. New York.

April 2, 2001.

Brune & Richard LLP, New York City, for Plaintiff, Hillary Richard, Laurie Edelstein, of counsel.

Davidoff & Malito LLP, New York City, for Defendants, Stuart Perlmutter, Patrick J. Kilduff, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

Defendants move pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for an order dismissing all of plaintiff Anthony Gagliardi's ("Gagliardi's") claims against Universal Outdoor Holdings, Inc. ("Universal Holdings"), Universal Outdoor, Inc. ("Universal Outdoor"), Eller Media Corporation ("Eller Corp.") and Clear Channel Communications, Inc. ("Clear Channel"). Defendants also move for dismissal of Gagliardi's first, second and sixth claims for relief against Eller Media Company ("Eller Co."). The plaintiff opposes this motion.

## BACKGROUND

In considering a motion to dismiss, the court must "accept as true all of the factual allegations set out in plaintiff's complaint ." *Tarshis v. Riese Org.*, 211 F.3d 30, 35 (2d Cir.2000). Gagliardi alleges the following facts. He began working as an advertising salesman for Allied Outdoor Advertising ("Allied") in New Jersey in 1983. (Compl.¶ 26.) While at Allied, he worked on local accounts for the New York metropolitan area and later on national accounts. (*Id.* ¶¶ 26, 32.) It was Allied's policy that Gagliardi would receive a commission for the life of any account which he procured, regardless of whether his employment was terminated. (*Id.* ¶ 28.) Gagliardi continued to work in New Jersey until July 1997 when Allied was acquired by Universal Outdoor, a wholly owned subsidiary of Universal Holdings. (*Id.* ¶¶ 17, 38.) After the acquisition, Universal moved the Allied operations to Yonkers, New York.[1] (*Id.* ¶ 38.) Universal adopted Allied's commission policies. (*Id.* ¶ 39.)

Gagliardi alleges several facts in support of his discrimination claim. For example,

---

1. Plaintiff often does not distinguish between Universal Outdoor and Universal Holdings in his complaint, referring to them simply as "Universal". Likewise, he often refers to Eller Corp. and Eller Co. simply as "Eller." In his opposition papers to this motion Gagliardi attributes this lack of distinction to his inability to distinguish between the entities due to his lack of information regarding the nuances of their corporate structures. (Pl.'s Opp'n at 3, n. 3.)

he claims that he was subjected to age-biased comments from his supervisor at Universal, Larry Cognetti. (*Id.* ¶ 41.) In addition, Universal enacted a new policy whereby all national accounts would be handled by another office. (*Id.* ¶ 42.) Gagliardi asserts that this policy disparately affected him because most of his accounts were national accounts and because the policy was enforced with respect to his accounts, but not with respect to those of younger salespeople. (*Id.* ¶¶ 43, 44.)

Eller Corp. is a subsidiary of Eller Co. which is a wholly owned subsidiary of Clear Channel. (*Id.* ¶ 19.) Eller acquired Universal in April of 1998.[2] (*Id.* ¶ 49.) Eller continued Universal's sales commission policies which were then in effect. (*Id.* ¶ 50.) Gagliardi allegedly continued to endure disparate treatment and age-related comments from his new supervisor, Dennis Wazaney. (*Id.* ¶¶ 53–61.) In July 1998, Gagliardi complained to Karl Eller, the Chairman and CEO of Eller, about the discriminatory treatment. (*Id.* ¶ 66.) On September 17, 1998, Gagliardi also complained about the discriminatory treatment to the general manager of the office. (*Id.* ¶ 69.) Gagliardi was fired on September 21, 1998. (*Id.* ¶ 70.) He was 61 years old at the time of his termination. (*Id.* ¶ 14.)

On July 7, 1999, Gagliardi filed a charge of age discrimination and retaliation against Universal Outdoor, Clear Channel, Eller Media Co., and Eller Media, Inc., with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 11.) On June 1, 2000, he received notice from the EEOC that it was closing his case. (*Id.* ¶ 12.) Gagliardi then filed his complaint with the court on August 28, 2000.

The complaint contains 6 claims, all of them applicable to each defendant. The first claim is brought pursuant to the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et. seq.*, and alleges wrongful termination. The second claim alleges unlawful retaliation in violation of the ADEA. The third and fourth claims allege wrongful termination and unlawful retaliation, respectively, in violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 296, *et. seq.* The fifth claim seeks back wages and sales commissions owed, pursuant to New York Labor Law §§ 190 *et seq.* The sixth and final claim seeks back wages and sales commissions owed pursuant to the New Jersey Labor and Workmen's Compensation Law §§ 34:11–4.1 *et seq.*

## DISCUSSION

A motion to dismiss will be granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court must "draw inferences from [the allegations in the complaint] in the light most favorable to plaintiff, and construe the complaint liberally." *Tarshis,* 211 F.3d at 35 (citation omitted). Defendants therefore bear a heavy burden in supporting their motion. They make several arguments for dismissal. The court shall address each in turn.

### I

Defendants argue that all claims against Clear Channel, Universal Holdings and Eller Corp. should be dismissed because Gagliardi has not established that they were his employer. Defendants contend that these entities are merely parents to the subsidiaries which employed Gagliardi and that he has failed to provide an adequate

2. *See* supra n. 1.

justification for holding these parent corporations liable.

In the normal case, a parent corporation is not responsible for the liabilities of a subsidiary. *See Murray v. Miner*, 74 F.3d 402, 404 (2d Cir.1996). This general rule does not apply, however, where the parent and the subsidiary are so interconnected that they are one 'and the same, or "alter egos" of one another. In the employment context, liability may attach to the parent if the plaintiff can demonstrate that there are "sufficient indicia of an interrelationship between the immediate corporate employer and the affiliated corporation to justify the belief on the part of an aggrieved employee that the affiliated corporation is jointly responsible for the acts of the immediate employer." *Herman v. Blockbuster Entertainment Group*, 18 F.Supp.2d 304, 308 (S.D.N.Y.1998) (Lowe, J.) (quoting *Armbruster v. Quinn*, 711 F.2d 1332, 1337 (6th Cir.1983)), *aff'd* 182 F.3d 899 (2d Cir.1999), *cert. denied*, 528 U.S. 1020, 120 S.Ct. 529, 145 L.Ed.2d 409 (1999). The criteria that a court should use to evaluate whether corporations are related in such a manner are "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240 (2d Cir.1995) (quoting *Garcia v. Elf Atochem North America*, 28 F.3d 446, 450 (5th Cir. 1994)).

Gagliardi is in a peculiar predicament. While it is true that his complaint lacks many of the factual allegations that are required to support a finding of "alter ego" liability, he also is currently ignorant of many of the facts regarding the relationship of these corporate entities. He claims that he will gain this information only after discovery is complete. Plaintiff alleges that Universal Holdings conducted its business through its wholly-owned subsidiary, Universal Outdoor. (Compl.¶ 15.) He claims that Universal was acquired by Eller and that Universal Outdoor shares a business address with Eller Co. and Eller Corp. (*Id.* ¶¶ 17, 19, 21, 49.) He also alleges that both Eller Co. and Eller Corp. are wholly-owned subsidiaries of Clear Channel. (*Id.* ¶ 19.) Furthermore, he alleges that all of these entities qualify as employers within the meaning of the ADEA. (*Id.* ¶¶ 16, 18, 20, 22, 24.) Finally, he specifically notes that he is unable to distinguish between the various corporate structures to determine which is his actual employer. (*Id.* ¶ 25.)

It is what Gagliardi has failed to allege that is troubling. First, while he identifies all of the defendants as employers subject to the ADEA, he neglects to identify them as *his* employers. Second, and more fundamentally, while he claims in his reply papers to this motion that he wishes to proceed upon a theory of alter ego liability, he fails to make this allegation explicitly in his complaint.

Nevertheless, the duty of the court in considering a motion to dismiss is to read the complaint as liberally as 'possible and to draw all inferences in favor of the plaintiff. As for the first issue of Gagliardi's failure to identify each defendant as *his* employer, the implication of including these entities in *his* wrongful termination complaint is that he believes they were his employer.[3] It is also fair to assume that,

---

3. Defendants submit various documents signed by Gagliardi in an attempt to demonstrate that he did not believe that Clear Channel, Universal Holdings and Eller Corp. were his employer. (Defs.' Reply Mem., Perlmutter Aff., Exs. A, B.) The fact that he may have been confused or incorrect at some point in time about which corporate entity was his actual employer, does not, however, in and of itself, absolve the defendants of liability. Fur-

based upon Gagliardi's allegations regarding the corporate structures of the defendants, and based upon his implied allegation that they were all his employer, he will prosecute his case along a theory of alter ego liability.

In the end, the question must be whether plaintiff has complied with the requirements of Rule 8(a), F.R. Civ. P., to apprise the defendants of the charges asserted against them. *See Conley,* 355 U.S. at 47–48, 78 S.Ct. 99. The defendants cannot argue that they do not understand the charges which have been brought against them or that they cannot adequately prepare a defense based upon the information in the complaint. Plaintiff's claims are clear, and how those claims relate to each defendant is clear enough. Thus, contrary to defendants' allegation, Gagliardi is not engaging in a "fishing expedition" without a basis for his charges. Obviously, the defendants are free to argue that plaintiff has failed to substantiate a claim for alter ego liability, following discovery, in a motion for summary judgment.[4]

## II

The complaint alleges that the court has federal question jurisdiction over the ADEA claims pursuant to Section 7(b) of the ADEA, 29 U.S.C. § 626(b), and 28 U.S.C. § 1337. (Compl.¶ 8.) Gagliardi urges the court to exercise supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367. (*Id.* ¶ 9.) Defendants argue that all claims against Universal Holdings and Eller Corp. should be dismissed because neither defendant was named in Gagliardi's EEOC claim.[5]

■ Generally, in a case brought pursuant to the ADEA, a district court lacks subject matter jurisdiction over parties not named in an EEOC charge. *See Harrington v. Hudson Sheraton Corp.,* 2 F.Supp.2d 475, 477 (S.D.N.Y.1998) (Scheindlin, J.). This rule ensures that a defendant is given notice of the alleged violation and an opportunity to voluntarily remedy the situation before the plaintiff resorts to filing a complaint in federal court. *See Butts v. City of New York Dept. of Housing,* 990 F.2d 1397, 1401–02 (2d Cir.1993) (citations omitted). An exception to this rule arises where the party that was not named in the EEOC charge shares an "identity of interest" with the charged party. *See Johnson v. Palma,* 931 F.2d 203, 209 (2d Cir.1991). This identity of interest exception, however, is limited to situations where a plaintiff was not represented by counsel at the time the EEOC charge was filed. *See Harrington,* 2 F.Supp.2d at 478; *Sharkey v. Lasmo (Aul Ltd.),* 906 F.Supp. 949, 954 (S.D.N.Y. 1995) (Conner, J.). In this case, Gagliardi does not dispute that he was represented at the time of the EEOC filing by his present attorneys who apparently have experience in employment law litigation. (Perlmutter Aff., Ex. B.) Gagliardi's failure to identify Universal Holdings and Eller Corp. in his EEOC charge is therefore inexcusable. *See Harrington,* 2 F.Supp.2d

---

thermore, the consideration of this outside evidence is not appropriate in relation to a motion to dismiss.

4. Defendants also argue that the state law claims for back wages and commissions owed should be dismissed against all parties except Eller Co. because Gagliardi has failed to allege that the parties other than Eller Co. were his employer at the time of his termination. This argument fails for the reason explained

above. If the plaintiff is able to "pierce the corporate veil," then all of the defendants could be liable for the back wages and commissions.

5. Gagliardi listed Universal Outdoor in his EEOC charge, but not Universal Holdings; likewise, he listed Eller Media Co. and Eller Media, Inc., but not Eller Corp.

at 478 ("Plaintiff, here, was in fact represented by counsel at the time she filed her EEOC charge. As a result, the identity of interest exception is not available to her. This is particularly true because she has retained counsel whose practice is limited to labor and employment law.")

Even considering this precedent, Gagliardi argues that the identity of interest exception should apply in this case. He offers various exhibits to support his hypothesis regarding the alter ego relationship between Universal Holdings and Universal Outdoor and between Eller Co. and Eller Corp. Finally, he contends that it is impossible to evaluate the corporate structure of the companies more definitively without additional discovery. All of this argument notwithstanding, Gagliardi has failed to demonstrate why he was able to identify Universal Holdings and Eller Corp. as possibly responsible parties in his complaint to the court, but not in his EEOC charge. He does not argue that he had any information when he filed his complaint that was unavailable when he filed the EEOC charge. The mere allegation of alter ego status does not excuse failure to name a party in an EEOC charge when the plaintiff knew or should have known the different corporate names. *Cf. Palma,* 931 F.2d at 209 (citation omitted) (noting that "whether the role of the unnamed party would through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint" was a factor in considering whether to excuse the failure to identify a party in an EEOC charge). As such, Gagliardi's first and second claims (the ADEA claims) against Universal Holdings and Eller Corp. are dismissed without prejudice for lack of jurisdiction.

Now that the claims that formed the basis for federal question jurisdiction for Universal Holdings and Eller Corp. have been dismissed, the court still must determine whether the remaining state law claims against these two parties may survive under the court's supplemental jurisdiction. Generally, when all federal law claims are dismissed before trial, a court should decline to exercise supplemental jurisdiction over the remaining state law claims. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). In this case, however, federal law claims remain against the three other defendants. Furthermore, the state law claims against Universal Holdings and Eller Corp. are identical to those against the other three defendants. As such, the inclusion of Universal Holdings and Eller Corp. will probably not place any new legal issues before the court. Finally, all of the charges involve the same nucleus of operative fact. Trying them together would further the interests of judicial efficiency and economy. The court therefore retains pendant party jurisdiction over the state law claims against Universal Holdings and Eller Corp. *See* 28 U.S.C. § 1367(a); *Estate of Bruce v. City of Middletown,* 781 F.Supp. 1013, 1016 (S.D.N.Y.1992) (Goettel, J.).

### III

Defendants also argue that all of the ADEA claims should be dismissed because they are time-barred. An EEOC claim must be filed within 300 days of the alleged discrimination. *See* 29 U.S.C. § 626(d). Defendants argue that the EEOC charge was filed more than 300 days after the alleged offensive age-related comments were made. This argument is premised upon a misunderstanding of the complaint. Gagliardi seeks compensation for his allegedly wrongful termination, not because he endured a hostile work environment. As such, the event which triggers the 300 day period is his termination,

not the discriminatory comments made by his supervisors. (Those comments are apparently identified in the complaint to demonstrate that the termination was motivated by discrimination.[6]) Gagliardi was terminated on September 21, 1998. (Compl.¶ 76.) He filed a charge of age discrimination and retaliation with the EEOC on July 7, 1999, which was within 300 days of his termination.

If one assumes that all of the defendants were alter egos of one another, then each of them could be responsible for Gagliardi's allegedly unlawful termination. As stated above, whether this proves to be the case is a matter which will be resolved only after there are more facts in the record. Furthermore, even if they are not alter egos of one another, Gagliardi will need more information to identify which corporate body was his employer at the time of his termination. At the present stage of the proceedings Gagliardi's claim of wrongful termination against all of the defendants is a timely one.

## IV

■ Defendants urge the court to dismiss the sixth claim seeking relief under New Jersey Labor and Workmen's Compensation Laws. They note that even assuming that all of the defendants are alter egos of one another and that they all served as Gagliardi's employer, he worked in New York while under their employ. The issue, however, is more complicated. Gagliardi worked for Allied in New Jersey from 1983 through 1997. Under Allied's policies, Gagliardi would earn a commission on any account he secured for the life of the account. Universal Outdoor adopted these commission policies when it acquired Allied in 1997. Furthermore, Eller Co. continued those policies when it later acquired Universal. Under the New Jersey Labor and Workman's Compensation Law, the successor of any corporation employing a person in New Jersey is liable for unpaid wages. New Jersey Labor and Workmen's Compensation Law § 34:11–4.1(a). As successor corporations to Allied, both Universal and Eller may be liable under New Jersey law for the commissions on accounts secured by Gagliardi while employed in New Jersey. Gagliardi's sixth claim for relief is sufficient to withstand a motion for dismissal.

## V

■ Finally, defendants move to dismiss the claim for emotional distress which is included in the *ad damnum* clause of the complaint arguing that it is time-barred. Defendants note that, under New York law, a claim for intentional infliction of emotional distress must be brought within one year of the acts giving rise to the claim. *See* N.Y. C.P.L.R. § 215(3). This argument is unnecessary. The claim for damages for emotional distress is merely an aspect of the request for compensatory damages which are authorized under the New York State Human Rights Law, N.Y. Exec. Law § 297. *See Cullen v. Nassau County Civil Service Comm'n,* 53 N.Y.2d 492, 442 N.Y.S.2d 470, 472, 425 N.E.2d 858 (1981). In other words, plaintiff is not making a separate claim for intentional infliction of emotional distress. His request for such compensatory damages in the context in which it is made is proper and timely.

---

6. Defendants argue that such comments are irrelevant to this case because the men who made the comments had no influence in the decision to terminate Gagliardi. This argument does not affect the court's analysis, however, because the termination remains the relevant event for purposes of determining timeliness.

## CONCLUSION

For the foregoing reasons, Gagliardi's first and second claims (the ADEA claims) against Universal Holdings and Eller Corp. are dismissed without prejudice. Defendants' motion is denied to the extent that it seeks dismissal of any other claims.

**IT IS SO ORDERED.**