David SACHARNOSKI Plaintiff

v.

CAPITAL CONSOLIDATED, INC.
d/b/a Bunzl USA Defendant

No. 5:01CV208–J.

United States District Court,
W.D. Kentucky.
Paducah Division.

Jan. 10, 2002.

Mark Edwards, Megibow & Edwards, Paducah, KY, for Plaintiff.

Timothy J. Sarsfield and Timm W. Schowalter, Thompson Coburn LLP, St. Louis, MO, for Defendant.

## MEMORANDUM OPINION

JOHNSTONE, Senior District Judge.

This matter is before the Court on the motion of the defendant Bunzl Distribution Southeast, Inc. d/b/a Bunzl Paducah (wrongfully identified as Capital Consolidated, Inc., d/b/a Bunzl USA)(hereafter "Bunzl") to dismiss the action for failure to state a claim upon which relief may be granted. The plaintiff, David Sacharnoski (hereafter "Sacharnoski") has filed a timely response to this motion. The question before this Court is whether, under Kentucky law, the conduct alleged by the plaintiff can reasonably be regarded as so extreme and outrageous as to permit recovery for intentional infliction of emotional distress.

### STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff. *See Lawrence v. Chancery Court of Tennessee,* 188 F.3d 687, 691 (6th Cir.1999). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio,* 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The following factual recitation is based entirely on the allegations contained in the Complaint, which, for the purposes of this motion, are assumed to be true.

### STATEMENT OF FACT

Sacharnoski was employed by Bunzl as a truck driver. In or about November 1999, Bunzl, through its agents, caused Sacharnoski to falsify records pertaining to his employment. Some time thereafter, Bunzl, through its agents, utilized these falsified records as a basis to terminate Sacharnoski's employment. Plaintiff then brought this action for intentional infliction of emotional distress.

### DISCUSSION

In *Humana of Kentucky, Inc. v. Seitz,* the Supreme Court of Kentucky outlined the elements of proof necessary to sustain a cause of action for the intentional infliction of emotional distress as:

"1) the wrongdoer's conduct must be intentional or reckless;

2) the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality;

3) there must be a causal connection between the wrongdoer's conduct and the plaintiff's emotional distress; and

4) the emotional distress must be severe."

*Humana of Kentucky, Inc. v. Seitz,* 796 S.W.2d 1, 2–3 (Ky.1990). *See also Craft v. Rice,* 671 S.W.2d 247, 249 (Ky.1984). The court must determine, "on first instance, whether the Defendant's conduct may reasonably be regarded as so extreme and

outrageous as to permit recovery, or whether it is necessarily so. Where reasonable men may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability." *Bevins v. Dollar General Corp.*, 952 F.Supp. 504, 511 (E.D.Ky.1997).

 Kentucky has adopted *Restatement (Second) of Torts § 46* as part of the common law. See *Craft v. Rice*, 671 S.W.2d 247 (Ky.1984); *Humana of Kentucky, Inc. v. Seitz*, 796 S.W.2d 1 (Ky. 1990). Comment d of the *Restatement* states "Generally the case is one in which the recitation of facts to an average member of the community would arouse resentment against the actor, and lead him to exclaim 'Outrageous!' The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities ..." *Restatement (Second) of Torts § 46*. The conduct in question must be "a deviation from all reasonable bounds of decency and is utterly intolerable in a civilized community." *Craft*, 671 S.W.2d at 250. The plaintiff must show that the conduct in question "has been so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Humana*, 796 S.W.2d at 3 (quoting *Restatement (Second) of Torts, § 46* Comment d).

"Kentucky still takes a restrictive/limited approach to this tort. The supreme court stressed that 'only outrageous and intolerable conduct' is covered by this tort. In so noting, the court made clear that the actions by the defendant must be clearly offensive and of a harassing nature." *Bevins*, 952 F.Supp. at 511 (internal citation omitted). Maintaining this restrictive view, Kentucky courts have routinely granted summary judgments in favor of the defendant.

In *Bevins*, a case remarkably similar to the case at hand, the plaintiff-employees alleged that the employer forced them to work unpaid overtime and then fired them for violating corporate policy against working unpaid overtime. The Court stated that the defendant's conduct of forcing the plaintiff to work 'off the clock' and then firing them for violation of company policy prohibiting working 'off the clock' "does not rise to the level of outrageousness needed to sustain a claim for intentional infliction of emotional distress."

 Such is the case here. Sacharnoski, like Bivens, was forced to do an action (falsify employment records) and then was ultimately terminated for doing that action. While the action may be rude, disheartening, and indignant, it does not make the court shout "Outrageous". Following the aforementioned precedent, the Court holds that the conduct Mr. Sacharnoski complains about does not rise to the level necessary to sustain a claim for intentional infliction of emotional distress. The Court finds that reasonable men cannot differ. For the above stated reasons, defendant's motion for to dismiss will be granted.

### JUDGMENT

This matter is before the Court on the motion of the defendant Bunzl Distribution Southeast, Inc. d/b/a Bunzl Paducah (wrongfully identified as Capital Consolidated, Inc., d/b/a Bunzl USA)(hereafter "Bunzl") to dismiss the action for failure to state a claim upon which relief may be granted. For the reasons set forth in the accompanying memorandum opinion,

**IT IS HEREBY ORDERED** that:

1) The defendant's motion to dismiss is GRANTED.

2) The complaint is dismissed with prejudice.

This is a final and appealable judgment.