# LORELEI HALECK, Plaintiff,

## v.

## AGAOLEATU G. TAUTOLO, TRT, Inc., AMERICAN SAMOA 2000, Inc., and DOES I-XX, Defendants.

High Court of American Samoa
Trial Division

CA No. 56-03

December 3, 2003

Before RICHMOND, Associate Justice, and LOGOAI, Chief Associate Judge.

Counsel: For Plaintiff, Marie A. Lafaele
 For Defendant Agaoleatu C. Tautolo, Devin McRae, *Pro Hac Vice* and William H. Reardon
 For Defendants TRT, Inc. and American Samoa 2000, Inc., Marshall Ashley

### ORDER GRANTING IN PART MOTION TO DISMISS

Defendants Agaoleata C. Tautolo ("Agaoleatu"), TRT, Inc. ("TRT") and American Samoa 2000, Inc. ("AS2000") move to dismiss, pursuant to T.C.R.C.P. 12 (b) (6), the complaint for damages filed by Plaintiff Lorelei Haleck ("Lorelei"). Lorelei's complaint alleges four counts against all three Defendants in relation to the termination of her employment at the McDonald's restaurant in Tafuna. Lorelei alleges breach of contract for unpaid wages, breach of contract for wrongful discharge, intentional infliction of emotional distress, and alter ego liability. For the reasons stated below, we deny in part and grant in part the motion to dismiss.

#### Standard of Review

"In determining a motion to dismiss for failure to state a claim, the complaint is to be liberally construed and viewed in the light most favorable to the plaintiff." *Beaver v. Cravens*, 17 A.S.R.2d 6, 8 (Trial Div. 1990). We must "take as true the material facts alleged in [Lorelei's] complaint." *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 276 (1976). Moreover, we should "read the complaint as liberally as possible and . . . draw all inferences in favor of the plaintiff." *Gagliardi v. Universal Outdoor Holdings, Inc.*, 137 F. Supp. 2d 374, 378 (S.D.N.Y. 2001).

#### Breach of Contract for Unpaid Wages

■ In count one of her complaint, Lorelei seeks damages for unpaid wages allegedly accrued during her employment at McDonald's. Defendants argue that Lorelei seeks $24,500 in damages that are barred by the statute of limitations applicable to oral agreements. We agree. "[A]ctions founded on unwritten contracts . . . shall be brought within 3 years." A.S.C.A. § 43.0120 (3). Lorelei is thus barred from recovering any damages which occurred prior to August 20, 2000. A.S.C.A. § 43.0120; *Jennings v. Jennings*, 19 A.S.R.2d 34, 38-39 (Land & Titles Div. 1991).

Lorelei alleges that in April 2001, she and other management level employees were reclassified in a cost-saving measure. Lorelei alleges her pay was reduced from $1,500.00 twice monthly to $1,041.67 twice monthly, and she seeks the $458.33 differential for the months in which she was paid the reduced amount. In addition, Lorelei claims she was paid one payment of $1,041.67 and another payment of $750.00 in July of 2001 and only one payment $750.00 in August of 2001.

■ Lorelei claims that the reduction in her wages and the non-payment of the August wages constitute a breach of her oral employment contract. Defendants claim that Lorelei cannot recover the $458.33 pay differential because she admits her salary was legitimately reduced along with other management employees as a cost saving measure. We agree. Even assuming Lorelei can establish her employment was not at-will,[1] she may not recover the pay differential when she admits that her salary was reduced in April of 2001 for valid economic reasons. *See, e.g., Gianaculas v. Trans World Airlines, Inc.*, 761 F.2d 1391, 1395 (9th Cir. 1985). However, this does not affect her allegations that she was only paid $750.00 in July and August rather than her salary payments of $1,041.67.

In sum, we decline to dismiss Lorelei's claim for unpaid wages. However, Lorelei is precluded from recovering any pay differential that resulted from the April 2001 valid salary reduction. In addition, her request for damages which occurred prior to August 20, 2000, is barred by the applicable statute of limitations.

<u>Breach of Contract for Wrongful Discharge</u>

■ In count two of her complaint, Lorelei seeks damages claiming the Defendants breached her employment contract and wrongfully discharged her. Generally, "a contract of employment or to perform

---

[1] "Under an at-will employment relationship, an employer can alter the terms of compensation provided he has given notice of the alteration to his employees and the employee thereafter continues his employment." 27 AM. JUR. 2D *Employment Relationship* § 54 (1996).

services for an indefinite period is . . . terminable at will by either party, without liability for breach of contract or wrongful discharge." 6 WILLIAM MEADE FLETCHER ET AL., FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 2579. American Samoa follows this general rule.

> The common law principle governing termination of an 'at will' employee is that, if the parties have neither fixed a definite term of employment nor created a contractual obstacle to the right of discretionary discharge, then the employer may discharge the employee under any circumstances without incurring liability.

*Palelei v. Star Kist Samoa, Inc.*, 5 A.S.R.2d 162, 165 (Trial Div. 1987). Employment manuals and handbooks may create contractual rights between the employee and her employer. *See id.* Lorelei alleges that "[t]he employment and training manual that [she] relied upon in accepting employment with McDonald's implied that [she] would not be terminated without 'good cause' and that disciplinary action would be progressive." (Compl. ¶ 32.) Similar allegations have been held sufficient to withstand a motion to dismiss in a number of jurisdictions. *See, e.g., Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437-38 (6th Cir. 1988); *Atsepoyi v. Tandy Corp.*, 51 F. Supp. 2d 1120, 1126 (D. Colo. 1999); *Johnson v. N.T.I.*, 898 F. Supp. 762, 765-66 (D. Colo. 1995); *Mulcahey v. Hydro-Line Mfg. Co.*, 707 F. Supp. 331, 335-36 (N. D. Ill. 1988); *Brezinski v. F.W. Woolworth Co.*, 626 F. Supp. 240, 243 (D. Colo. 1986); *Burns v. Preston Trucking Co.*, 621 F. Supp. 366, 368-69 (D. Conn. 1986).

■ Cases which have dismissed a plaintiff's complaint under a Rule 12(b)(6) motion had the benefit of reviewing the employee manual because it was attached to the complaint. *Coatney v. Enter. Rent-A-Car Co.*, 897 F. Supp. 1205, 1207-11 (W.D. Ark. 1995) (dismissing plaintiff's allegations of breach of contract and wrongful discharge because of disclaimer in employment handbook); *Bartenbach v. Bd. of Tr. of Nassau Library Sys.*, 657 N.Y.S.2d 200 (N.Y. 1997) (dismissing plaintiff's complaint because plaintiff failed "to allege anything more than an employment at will" when her employment manual "did not . . . limit the defendants' right to discharge an employee at will to just and sufficient cause only."). Unfortunately, we do not have the benefit of reviewing the manual at this stage.

In light of the standard for considering a Rule 12(b)(6) motion, Defendants' motion to dismiss count two of Lorelei's complaint is denied.

In count three, Lorelei alleges Agaoleatu committed the tort of intentional infliction of emotional distress ("IIED"). As the basis for this claim, Lorelei alleges she was informed by another McDonald's employee that that employee had been questioned by Agaoleatu regarding an alleged affair between that employee and Lorelei. After this conversation, Lorelei informed her manager of the situation and took a one-week leave. Shortly thereafter she met with Agaoleatu and her supervisor. At this meeting, Lorelei claims her supervisor wrongly terminated her for violating McDonald's fraternization policy.[2]

 As a matter of law, Lorelei's allegations are insufficient to withstand a motion to dismiss. *See, e.g., Balark v. Ethicon, Inc.*, 575 F. Supp. 1227, 1230-32 (C.D. Ill. 1983). First, Agaoleatu never confronted Lorelei directly with the allegations of fraternization, nor did he actually communicate her termination to her. Actions not directed at the employee have been held insufficient as a matter of law to support an IIED claim. See *Wolff v. Middlebxooks*, 568 S.E.2d 88, 90 (Ga. Ct. App. 2002) ("[E]ven malicious, wilful or wanton conduct will not warrant a recovery for the infliction of emotional distress if the conduct was not directed toward the plaintiff.") (quoting *Ryckeley v. Callaway*, 412 S.E.2d 826 (Ga. 1992)).

Moreover, several jurisdictions have found that more severe allegations did not state a claim for intentional infliction of emotional distress. *See Sacharnoski v. Capital Consol., Inc.*, 187 F. Supp. 2d 843, 845 (W.D. Ky. 2002) (dismissing plaintiff's IIED claim because allegations that employer forced employee to falsify employment records, and then terminated him for falsifying such records did not meet the level of outrageous conduct necessary to sustain an IIED claim); *Jackson v. Blue Dolphin Comm. of North Carolina, L.L.C.*, 226 F. Supp. 2d 785, 793-94 (W.D.N.C. 2002) (dismissing IIED claim because allegations that employer "asked [plaintiff] to sign false affidavit" and "made a racially discriminatory statement to her" and terminated her from her position were insufficient to meet the requisite extreme and outrageous conduct necessary to sustain an IIED claim); *Poulos v. Vill. of Lindenhurst*, 2002 WL 31001876, *17 (N.D. Ill. Sept. 3, 2002) (noting that the defendants' "alleged conduct--tampering with [plaintiff's] belongings, throwing firecrackers at her, making insulting remarks to and about her and engaging in a physical altercation with her--do not rise to· the level of outrageousness required to state an IIED claim"); *Lydeatte v. Bronx Overall Econ. Dev. Corp.*, 2001 WL 180055, *2 (S.D.N.Y. Feb. 22, 2001) (allegations that defendant harassed plaintiff, denied her the same

---

[2] Defendants request that paragraph 42 of Lorelei's complaint be stricken as "immaterial, impertinent, and scandalous" material. We agree.

benefits her coworkers received, wrongfully terminated her, and retaliated against her were insufficient to meet the IIED standard). As such, we grant Defendants' motion to dismiss count three of Lorelei's complaint.

## Alter Ego Liability

 Count four of Lorelei's complaint is for alter ego liability in which she seeks to hold Agaoleatu individually liable for counts one and two of her complaint. Lorelei's counsel admitted at the November 17, 2003 hearing on this matter that this count was improperly pled. It is well established that a "claim based on the alter ego theory is not in itself a claim for substantive relief." 1 WILLIAM MEADE FLETCHER ET AL., FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 41.10 (perm. ed., rev. vol. 1999). However, Lorelei's complaint does not seek separate relief under count four but, rather, seeks to hold Agaoleatu individually liable under counts one and two of her complaint. (Compl. ¶ 63.) In this regard, Lorelei has provided Defendants with sufficient notice of her claims and Defendants' motion to dismiss count four is denied. *See Gagliardi*, 137 F. Supp. 2d at 379 ("In the end, the question must be whether plaintiff has complied with the requirements of Rule 8(a), [T.C.R.C.P.], to apprise the defendants of the charges asserted against them.").

## ORDER

Defendants' motion to dismiss is granted in part. Count three of Lorelei's complaint is dismissed. Defendants' motion to dismiss the remaining counts is denied. However, Lorelei's request for $24,500 in damages, which is outside the applicable statue of limitations, is stricken from the complaint, and Lorelei may not recover any alleged lost wages which occurred as a result of the April 2001 salary reduction.

It is so ordered.